### Lorenzo Hoard v. Amos Little.

A declaration in assumpsit on the common counts, which, after stating the several causes of action, omits to allege an express promise, though bad on special demurrer, is cured by judgment.

Under rule 79 of the Circuit Courts, a promissory note, a copy of which was attached to, and served with, the declaration, may be read in evidence under the common counts, without proof of the signature, where its execution is not denied on oath.

*Submitted on Briefs December 6th. Decided December 9th.*

Error to Lapeer Circuit.

Little declared against Hoard in the court below as follows: "For that the defendant, on the fifth day of October, A. D. 1857, was indebted to the plaintiff in the sum of four hundred dollars, for the price and value of goods then sold and delivered by the plaintiff to the defendant, at his request. And in a like sum for the price and value of work then done, and materials for the same, provided by the plaintiff for the defendant, at his request. And in a like sum for money then lent by the plaintiff to the defendant, at his request. And in a like sum for money then paid by the plaintiff for the defendant, at his request. And in a like sum of money then received by the defendant for the use of the plaintiff. And in a like sum of

money found to be due from the defendant to the plaintiff, on an account then stated between them: which several moneys were to be respectively paid by the defendant to the plaintiff, on request: yet the defendant, though requested so to do, has not paid the several sums of money, or either of them, or any part thereof: to the plaintiff's damage, one thousand dollars, wherefore he brings suit, &c.

N. H. REDMOND, *Pl'ff's Att'y.*

COPY.

$300. One year from date, I, for value received, promise to pay William Guetchis, or bearer, three hundred dollars, with use. Dated Sept. 29, 1856.

LORENZO HOARD.

TO THE ABOVE NAMED DEFENDANT.

Take notice, that on the trial of the above cause, the plaintiff, under the money counts, will give in evidence a certain promissory note, of which the above is a true copy.

N. H. REDMOND, *Pl'ff's Att'y.*"

This declaration was filed as the commencement of suit, and having been duly served by the sheriff on defendant, he appeared and pleaded thereto, and the cause went to trial.

On the trial without a jury, the plaintiff offered to read in evidence the promissory note, a copy of which is set out at the foot of the plaintiff's declaration; to which evidence the defendant objected, because the plaintiff, in his declaration, had failed to aver any consideration therein on which to base a promise, and could not travel out of the record to make his case. The court admitted the note in evidence, and defendant excepted. The cause was then submitted to the court, and judgment rendered for plaintiff for the amount of the note.

Hoard brought error, and assigned errors in this court as follows:

"That in the record and proceedings aforesaid, there is manifest error in this, to wit: That the declaration of said Amos Little is not sufficient in law to maintain said action thereof against the said Lorenzo Hoard, because there is no sufficient consideration stated therein on which to base a promise. And, also, because the said declaration contains no sufficient statement therein of any undertaking and promise on the part of the said Lorenzo Hoard, on which the said Amos Little is at law entitled to judgment against the said Lorenzo Hoard, on the common counts in assumpsit; and, also, because the notice accompanying the said declaration forms no part of the said declaration, in fact or substance."

*J. R. White* and *A. B. Maynard,* for plaintiff in error.

*M. E. Crofoot,* for defendant in error.

MANNING J.:

A reversal of the judgment is asked on two grounds:

1st. That the declaration, which is in assumpsit on the common counts, after stating the several causes of action, does not allege an express promise; or, in other words, omits to state what the law implies. The objection would be good on a special demurrer, but it is cured by the judgment.— *Comp. L.* § 4419.

2d. That the note, a copy of which was given at the foot of the declaration, was received as evidence, without proof of the maker's signature. The reason for this objection is stated in such ambiguous terms, in the bill of exceptions, as to leave us in doubt on what the objection is based; and we should on that account be justified in refusing to consider it at all. It is the duty of a party objecting to the admission of evidence, to state the ground of his objection with perspicuity, that the court and the opposing party may not be misled by it. If the ground

of the objection is that there is no special count on the note, the objection was not well taken, as the note was admissible as evidence under the common counts. Or if it is that the case did not come within the seventy-ninth rule of the circuit courts, dispensing with the proof of signatures in actions on written instruments, as therein provided, the party was under a mistake as to the meaning of that rule. In all actions on bills of exchange and promissory notes, the plaintiff may declare on the money counts only, and give the bill or note in evidence under them when a copy of the bill or note has been served with the declaration.— *Comp. L.* § 4161. And in case of judgment by default, the clerk may assess the damages as though the note or bill had been specially declared on.— *Comp. L.* § 4425. The rule was adopted with reference to the statute, and its language is broad enough, and not restricted to instruments specially counted on. There was the same proof of service of a copy of the note as of the declaration. The judgment is affirmed with costs.

MARTIN Ch. J. and CAMPBELL J. concurred.

CHRISTIANCY J.:

I concur in the foregoing opinion, but I understand the second objection alluded to by my brother Manning as intended to insist that no consideration is averred in the declaration to support a promise. But the objection is not sustained by the fact. The consideration is sufficiently set forth, but no promise; and the latter defect is cured by the verdict and the statute.

*Judgment affirmed.*