PEOPLE *v.* BOLLMAN.

1. CRIMINAL LAW—NAMES OF WITNESSES FOR PROSECUTION—INFORMATION, INDORSING NAMES ON—APPEAL AND ERROR.

Under the provisions of 3 Comp. Laws, § 11934 (5 How. Stat. [2d Ed.] § 15105), requiring the prosecuting attorney to indorse upon the information the names of witnesses known to him at the time of filing, it was not erroneous to permit the prosecuting officer to add the name of a witness at the trial, upon his statement that he had just learned of the testimony that morning, although respondent's counsel objected on the ground that there was no reason why the name could not have been indorsed before. In the absence of a specific objection that the showing made by the prosecution was insufficient, the contention that the showing was not made under oath will not be considered, on writ of error, no claim having been made that the defense was surprised, or needed more time, or that the accused suffered prejudice from the testimony of the witness.

2. SEDUCTION — CRIMINAL LAW — EVIDENCE—CHARACTER—REPUTATION.

The right to show good character or reputation does not authorize one charged with seduction to show by a witness with whom he had associated that his conduct with her had been good.

3. SAME—TRIAL—ARGUMENT.

*Held,* that the argument of the prosecuting attorney relating to incompetent evidence that the court struck from the record was not so prejudicial as to require reversal of the conviction.

Exceptions before sentence from Sanilac; Beach, J. Submitted November 7, 1913. (Docket No. 164.) Decided December 20, 1913.

Norman Bollman was convicted of seduction. Affirmed.

*H. O. Babcock,* Prosecuting Attorney, for the people.

*Fred A. Farr* and *Robert W. McKenzie,* for respondent.

BIRD, J. The respondent was informed against and convicted of the crime of seduction in the Sanilac circuit court, and the case has been removed to this court for review. Among the errors complained of is the action of the trial court in permitting the name of a witness to be indorsed on the information after the jury had been sworn and the complaining witness had given her testimony in part. At that point in the trial, the prosecutor applied to the court for permission to indorse on the information the name of Olive Nichol. He informed the court that, while he knew that Olive Nichol was a sister of the complaining witness, he was not aware until that morning that she knew anything material to the issue of the case. Whereupon respondent's counsel made the following objection:

"We shall object to it. There is no reason why that name could not have been on before."

Upon this statement the court granted permission to indorse the name over defendant's objection.

The objection now made is that the showing of the prosecutor was insufficient and not under oath. The statute regulating the indorsement of names of witnesses upon the information provides that:

"All informations shall be filed during term, in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same; and at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other wit-

nesses as shall then be known to him." 3 Comp.
Laws, § 11934 (5 How. Stat. [2d Ed.] § 15105).

Under this statute it is clear that it would be neces-
sary for the prosecutor to make some showing to the
court in order to authorize him to indorse names on
the information after it was once filed. In the case
under consideration, the prosecutor stated to the
court, in the presence of respondent's counsel, that
he had just been advised that morning that Olive
Nichol was a material witness, and that he desired to
indorse her name upon the information. As against
the objection made, this showing was sufficient under
the statute to authorize the court to make the order.

Had counsel at the time made the specific objection
that he now makes, that the showing was not under
oath, the trial court would have doubtless required
the prosecutor to be sworn and granted permission to
respondent to examine him touching his diligence in
discovering the witness and the materiality of her
testimony. There was no claim made by respondent to
the trial court that he was surprised in any way, nor
that he wanted time to investigate the antecedents of
the witness; nor was any complaint made, after she
gave her testimony, that respondent's case was preju-
diced in any way by it. In fact, the record shows that
she testified to nothing which was contradicted by the
respondent. Under these circumstances, we think the
respondent is in no position to complain of the action
of the trial court in permitting the name to be added
to the information.

On the part of the defense, Lillie Gravenstein, a
character witness, was sworn, and, after testifying
that she was more or less in the respondent's com-
pany prior to her marriage, she was asked the follow-
ing question:

"*Q.* What would you say as to the character of his
conduct toward you while in his company?"

178 MICH.—11.

This question was objected to and excluded. It is argued by the respondent that the exclusion of this testimony was error. It is competent in a criminal case for a respondent to show what his general reputation is with reference to the particular offense charged *(People* v. *Evans,* 72 Mich. 367 [40 N. W. 473]) ; but we know of no rule which permits a respondent to show particular instances of good conduct in order to establish his reputation. The question asked was not directed to his general reputation, but simply to his conduct while in the company of the witness. The proffered testimony was rightly excluded. 16 Cyc. p. 1278.

Error is assigned upon the cross-examination of Max Bollman, the brother of respondent, and also upon the use that was afterwards made of the cross-examination by the prosecuting attorney in his address to the jury. For the purpose of showing the unchastity of the complaining witness, Max Bollman testified that he had had connection with the complaining witness before the respondent courted her. The prosecutor then examined him as follows:

"*Q.* How many acts of intercourse had you had with other girls?
"*A.* I don't know.
"*Q.* You can't tell?
"*A.* No, sir.
"*Q.* Various girls?
"*A.* Very few.
"*Q.* You had had with a few others?
"*A.* Yes.
"*Q.* What is your age?
"*A.* 19.
"*Q.* What other girls have you had intercourse with?
"*Mr. McKenzie:* Object to that as incompetent and immaterial.
"*The Court:* I hardly think I will permit the question to be answered.
"*A.* Is it necessary for me to answer that question?

"*Q.* Yes.

"*A.* The only one that I can remember of is a Randall girl, a girl by the name of Randall.

"*Q.* That is the only one that you can remember?

"*A.* Yes.

"*Mr. McKenzie:* This is a trying position to put a witness in.

"*Mr. Babcock:* We didn't put the witness in that position.

"*Q.* There are others?

"*A.* There might be one or two.

"*Q.* That you can't remember of?

"*A.* No, sir.

"*Mr. McKenzie:* A gentleman will lie under such circumstances. I call the attention of the court that this is a trying position to put the witness in.

"*The Court:* I intimated that he need not give the names, and that I would not permit him to disclose the names of the other parties.

"*Mr. Babcock:* I misunderstood the ruling.

"*The Court:* It was probably a misapprehension.

"*Mr. Babcock:* That may be stricken out, the name the witness gave?

"*The Court:* Yes."

Afterwards, in addressing the jury, the prosecutor referred to this testimony, as follows:

"Gentlemen, he tells you that he can't remember the names of the two girls he had sexual intercourse with. The only explanation I can tell of why he didn't know them is that perhaps he had met them in a brothel. Now think of a young man in your neighborhood, if there is any there, that in two years has had sexual intercourse with four girls, two of whom he can't remember their names. There was no necessity for him to tell the names, the court excluded the names. That wasn't necessary in this case; under a mistake he did tell one name, but it was excluded and you have forgotten it; but he had already said he couldn't tell the names of the other two. But, I say, if there is a young man in your own neighborhood that had acted in that way, that has been a sport, that says he had acted in that way, and that he is a gentleman, what kind of a young man is he? If you can

remember, if there is any in your own neighborhood, if you know of one, what kind of a fellow is he? And he is rather proud of it.

"*Mr. Farr:* I desire to take exception to that.

"*The Court:* The exception is noted.

"If he hadn't been proud of it, he wouldn't have told of the other three girls, because it wasn't necessary. His testimony would have been better without it, a good deal."

The testimony was given under a misapprehension by both counsel of the ruling of the court, and subsequently, when the ruling was correctly understood, it was very properly stricken out. The jury doubtless understood this, and, when it was stricken out, we think it cured any prejudicial effect its reception may have had upon respondent's case. How the prosecutor could have so far forgotten his sense of fairness and duty, as an official, to make use of this incompetent testimony in his address to the jury after the testimony had been stricken out upon his own motion, is not easily understood. We think, however, that the sense of fairness which pervades the average jury would put the blame for this where it belonged, and prevent any resulting injustice to the respondent.

We have examined the other errors assigned and find nothing therein that calls for a reversal of the case.

The conviction is affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.