PEOPLE v. KREIDLER.

1. CRIMINAL LAW — NEGLIGENCE — CARELESS USE OF FIREARMS — WEAPONS—STATUTES.

   Under 3 Comp. Laws, § 11510 (5 How. Stat. [2d Ed.] § 14559), providing that "any person who shall discharge without injury to any other person, any firearm, while intentionally, without malice, aimed at or toward any person, shall be guilty of a misdemeanor," etc., acts carelessly done, without design to do mischief, are punishable.

2. SAME—"TOWARD"—CONSTRUCTION OF STATUTE.

   It is sufficient, in a prosecution for violating the statute, to show that the accused was making use of a rifle pointed in the direction of a passenger on a car and discharged the weapon in that direction, without striking any one. The word "toward" means in a course or line leading in the direction of.

3. TRIAL—ARGUMENT—CONDUCT OF PROSECUTING ATTORNEY.

   Argument of the prosecuting attorney, in the course of which he stated that there were better men now in State prison than the respondent, was not prejudicial error, in the absence of a showing in what connection the statement was made or what proposition the prosecuting attorney was discussing.

4. SAME—CHARGE.

   Where the accused claimed that it was his companion who

fired off the rifle at the time alleged by the prosecution, and the general charge of the court submitted this issue to the jury, instructing them that the elements of the offense must be proved beyond a reasonable doubt, and unless they were satisfied beyond a reasonable doubt that the respondent did fire the rifle, they must acquit him, the instructions were sufficient.

Error to Macomb; Tucker, J. Submitted April 23, 1914. (Docket No. 171.) Decided June 1, 1914.

Clarence Kreidler was convicted of the improper use of a firearm and brings error. Affirmed.

*Grant Fellows*, Attorney General, *L. W. Carr*, Assistant Attorney General, and *Charles H. Hummrich*, Prosecuting Attorney, for the people.

*Silas B. Spier (William F. Sawn*, of counsel), for respondent.

McAlvay, C. J. Respondent was convicted under an information charging him with the careless use of firearms. A motion for a new trial was made in his behalf and denied. The case is before this court upon a writ of error under which numerous errors are assigned, which include errors assigned upon the refusal to grant a new trial.

The facts appear to be that respondent, a young man 19 years old, and a companion aged 22, on August 16, 1913, went from Detroit out to the residence of a Mr. Green on the line of the Rapid Railway Company, near the village of New Baltimore. His companion had a Flobert rifle carrying No. 22 short cartridges for the purpose of shooting sparrows. This electric line of the Rapid Railway Company passes within about 150 feet of Mr. Green's house. These young men were in a berry patch between the house and the railway track, along which at the time a car full of passengers was passing. The claim of the prosecution is that respondent at this time and place

"did discharge, without injury to any other person, a firearm while intentionally without malice, aimed at or toward one John H. Sinclair." Mr. Sinclair was a passenger in the car. The bullet fired from this rifle imbedded itself one-half inch in the window post in front of the seat where he was sitting, and slivers flew and hit him in the face under his eye.

The defense interposed on the part of respondent was that the shot was not fired by him, but by the young man who was with him, and that there was no evidence in the case which would justify the jury in finding that, if respondent fired the shot, he intentionally aimed the rifle at any person in the car. The offense with which respondent is charged is a statutory offense; the statute being section 11510, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14559), which is section 2 of an act entitled "An act to prevent the careless use of firearms." It reads:

"SEC. 2. That any person who shall discharge, without injury to any other person, any firearm, while intentionally, without malice, aimed at or toward any person, shall be guilty of a misdemeanor, and shall be liable to a fine of not less than one hundred dollars, or imprisonment in the county jail not to exceed one year, or both, at the discretion of the court."

The entitling of this act indicates clearly its purpose. It must be held to have been designed to punish acts done carelessly, without design of doing mischief. *People* v. *McCully,* 107 Mich. 343 (65 N. W. 234).

It is claimed on the part of the prosecution, and there was evidence in the case tending to show, that respondent was using this rifle, was pointing it in the direction of Sinclair, who was in the passing car, and fired it, with the result already stated. Upon this proposition the claim of the respondent has already been stated. This was a question of fact to be submitted to the jury, and has been determined by it against respondent.

It is not necessary to sustain a prosecution under this section of the statute to show that the firearm used was aimed at any person. It is sufficient if it be pointed *"toward* any person." The definition of the word "toward" is, "in a course or line leading to, in the direction of." There is proof in this case tending to show that respondent held this firearm pointed directly at this car loaded with passengers, of which Sinclair was one, and deliberately fired it. There was evidence, if believed by the jury, to sustain every element of this statutory offense.

Consequently, the errors assigned upon the denial of the motion for a new trial are without merit, so far as the matter of the evidence is concerned, and was properly denied, unless we find that upon the trial of the case, or in the charge to the jury, or in refusals to give respondent's requests, error was committed by the court. We find, from an examination of the errors assigned upon the admission and exclusion of evidence, that none of them are meritorious.

The record shows that an exception was taken to a claimed statement of the prosecutor in his argument that "there are better men now in State's prison than Kreidler." This is followed by a statement by the court, "He said 'perhaps there were.' "

The record does not show the connection of the statement with the argument made or what proposition the prosecutor was discussing, and such a statement might be made without prejudice, if he were discussing the reckless carelessness with which firearms are used on occasions like the one in the instant case. Such use of firearms all too frequently results in homicide. A very small per cent. of the inmates of our prisons are there for offenses of that character.

Including the 16 grounds for a new trial, there are nearly 50 assignments of error. These, not including those already considered, are upon the refusals to

give respondent's requests to charge, and upon portions of the charge as given. In his main charge the court gave in substance all of the requests of respondent which could be properly given. This charge of the court must be considered as a whole, and, so considering it, we find that it directed the jury that the elements of the offense charged must be proved beyond a reasonable doubt, and, "unless you are satisfied beyond a reasonable doubt that the defendant Kreidler did fire the gun as claimed, it will be your duty to acquit him." This charge also gave all the necessary protection which the law requires should be given to a man accused of crime, and correctly stated the law in the case to the jury. The verdict was warranted by the evidence in the case.

The conviction is affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.