PEOPLE *v.* POWERS.

1. CRIMINAL LAW—BURGLARY—LEADING QUESTIONS—CROSS-EXAMI-
   NATION—EVIDENCE—WITNESSES.

   In a prosecution for burglary, where defendant was a wit-
   ness in his own behalf, *held*, no such abuse of discretion
   as to constitute reversible error for the trial court to.
   permit leading questions to be put to him, on cross-exami-
   nation.

2. SAME—WITNESSES FOR PROSECUTION—INDORSING NAMES ON IN-
   FORMATION—APPEAL AND ERROR.

   In such prosecution, the court below was not in error in
   permitting the indorsement of the names of two witnesses
   upon the information after the trial began, where the
   prosecutor stated he had just learned of the witnesses,
   and no claim for a continuance was made.

3. SAME—INDICTMENT AND INFORMATION—SUFFICIENCY — STATUTE
   —BURGLARY.

   Although a "garage" is not one of the buildings mentioned
   in the statute (3 Comp. Laws 1915, § 15292) under which
   the prosecution was brought, an information describing
   the place of the offense as "the shop, to wit, the garage,"
   etc., was sufficient.

4. SAME—TRIAL—INSTRUCTIONS—REASONABLE DOUBT.

   It was not error for the court below to refuse a requested
   instruction as to reasonable doubt, where there can be
   no doubt that, from the charge as a whole, the jury un-
   derstood the burden which was put upon the people and
   what constituted a reasonable doubt.

5. SAME—ARGUMENT OF COUNSEL.

   Argument of the prosecutor in reply to defendant's attorney
   and justified by the testimony of defendant was not preju-
   dicial error.

6. SAME—TRIAL—MISCONDUCT OF JURY—AFFIDAVITS.

   Where, if the affidavit of the officer in charge of the jury
   is believed there was no misconduct on the part of the
   jury or the officer in charge, alleged error based thereon
   was not prejudicial; the trial judge having the advantage
   of knowing the affiant.

Exceptions before judgment from Barry; Smith, J. Submitted June 14, 1918. (Docket No. 104.) Decided September 27, 1918.

Leslie Powers was convicted of burglary. Affirmed.

*James M. Powers* and *Frank A. Dean,* for appellant.

*Thomas Sullivan,* Prosecuting Attorney, for the people.

MOORE, J. An information was filed against respondent, which, omitting the formal parts, reads—

"that one Leslie Powers, late of the city of Battle Creek, in the county of Calhoun and State of Michigan, heretofore, to wit, on the 9th day of September, 1916, at the township of Assyria in said Barry county, about the hour of twelve o'clock in the nighttime of said day, with force and arms, the shop, to wit, the garage of one Frank Schroder, there situate not adjoining to or occupied with a dwelling house, feloniously and burglariously did break and enter with intent the goods and chattels of the said Frank Schroder in the said shop, to wit, garage; then and there being found, then and there feloniously and burglariously to steal, take and carry away, * * * gives the court further to understand that the said Leslie Powers on the 9th day of September, 1916, at the township of Assyria in said Barry county, did break and enter the garage of one Frank Schroder and one automobile of value of $350.00, of the goods and chattels of said Frank Schroder, then and there being found, feloniously did steal, take and carry away; contrary to the form of the statute in such case made and provided."

The case was tried before a jury which returned a general verdict of guilty.

Sixteen of the assignments of error relate to the admissibility of the evidence. They have all been examined with care. Some of the questions to which answers were permitted were leading. Some of them

were put to the respondent, who was a witness on his own behalf, on the cross-examination. There was no such abuse of discretion on the part of the trial judge as to any of these questions and answers as to constitute reversible error.

Under one of the subdivisions of this head it is urged as error that the trial judge permitted the indorsement of the names of two witnesses upon the information after the trial began. The prosecutor stated he had just learned of the witnesses. There was no claim that if the indorsement was made and the witnesses were sworn that a continuance was desired. The trial judge did not err in this regard, see *People* v. *Durfee,* 62 Mich. 487; *People* v. *Perriman,* 72 Mich. 187; *People* v. *Mills,* 94 Mich. 630; *People* v. *Machen,* 101 Mich. 400; *People* v. *Moore,* 155 Mich. 107; *People* v. *Bollman,* 178 Mich. 159.

Fourteen assignments of error relate to the refusal of the court to give respondent's written requests to charge, and seven assignments relate to the charge as given. We shall not discuss each of these assignments of error, but will refer to those which seem to have most merit.

The second request on the part of the respondent reads:

"The warrant and information in this case by which the charge against the respondent is made, contain two counts: The first count charges the breaking and entering the 'garage' of Frank Schroder, not adjoining to or occupied with a dwelling house, in the nighttime, with intent to commit the crime of larceny. I instruct you that a 'garage' is not one of the buildings mentioned in the statute under which this prosecution is brought, and consequently the respondent cannot be convicted of the charge of breaking and entering as set forth in the first count of the information and that charge must be dismissed entirely from your consideration."

The court charged the jury upon that subject as follows:

"I instruct you, gentlemen of the jury, if you find from the evidence that these three were acting together for the purpose of breaking and entering this building and taking this car therefrom, then if you should further find from the evidence only one of the parties broke and entered the building and took the car therefrom, while the other two remained by the roadside for the purpose of aiding and assisting the one who entered the building, either in making his escape or in conveying away stolen property taken therefrom, then all of said parties would be guilty of burglary and larceny.

"I instruct you further, gentlemen of the jury, that if you should find from the evidence in this case, that any one of the defendants broke and entered this building in the nighttime with the knowledge, consent and co-operation of the other two, with the intent to commit larceny therein, then the crime of burglary would have been committed and all are equally guilty, provided this building is not adjoining to or occupied with a dwelling house.

"I instruct you further, gentlemen of the jury, that if you find from the evidence that Leslie Powers, the respondent, broke and entered this building in the nighttime with intent to commit the crime of larceny, then he should be convicted under the first count of the information.

"Should you find further, from the evidence in the case, that after breaking and entering this building with the intent hereinbefore mentioned, he committed the larceny intended and took the car, then he should be convicted under the first and second counts of the information."

It will be observed that the request to charge ignored the fact that the place of the offense was described as "the shop, to wit, the garage, of one Frank Schroder." See *People* v. *Wycoff*, 150 Mich. 449; 3 Comp. Laws 1915, § 15292.

The following request was preferred:

"By the term reasonable doubt, as I have used it in these instructions, is meant a fair doubt, growing out of the testimony in the case or the lack of testimony. It is not a mere imaginary, captious or possible doubt, but a fair doubt, based upon reason and common sense; it is such a doubt as may leave your mind, after a careful examination and consideration of all of the evidence in the case, in that condition that you cannot say that you have an abiding conviction to a moral certainty of the truth of the charge here made against this respondent."

The court said to the jury in part as follows:

"Another rule is that the burden of proof rests with the people and the people must prove by legal testimony and beyond a reasonable doubt a state of facts which will justify a conviction. Guilt is not to be lightly assumed from the proof, but it is to be clearly established, or as the law says, beyond a reasonable doubt. In other words, the proof in the case must be such as to clearly show the guilt of the respondent and not be reasonably consistent with any other theory than that of guilt. In criminal cases, full and satisfactory proof of guilt is required. No mere weight of evidence will warrant a conviction unless it be so strong and satisfactory as to remove from your minds all reasonable doubt of the guilt of the accused. In considering this case, you are not to go beyond the evidence to hunt for doubts, nor should you entertain such doubts as are merely fanciful or based upon groundless conjecture. A doubt to justify an acquittal must be reasonable and must arise from a candid and impartial consideration of the evidence in the case, and it must be such a doubt as would cause a reasonably prudent and considerate man to hesitate and pause before acting in the grave and more important affairs of life. If, after a fair and impartial consideration of the evidence in the case, you can say and feel that you have a firm and abiding conviction of the guilt of the respondent and are fully satisfied of the truth of the charge, then you are satisfied beyond a reasonable doubt and in such case your verdict would be guilty. (In other words a reasonable doubt must be a doubt which arises from the evidence

in the case), not a doubt which is mere conjecture, not a doubt having its origin in something else than the evidence, not from a desire to acquit or from sympathy, prejudice or favor, but in the language of a law writer, 'A reasonable doubt is a fair doubt growing out of the testimony in the case.' It is not a mere imaginary, captious or possible doubt, but a fair doubt based upon reason and common sense; it is such a doubt as may leave your minds, after a careful examination of all the evidence in the case, in that condition that you cannot say that you have an abiding conviction of the truth of the charge made against the respondent."

The criticism is that the judge omitted the words "to a moral certainty" and used the sentence "In other words a reasonable doubt must be a doubt which arises from the evidence in the case." When the charge is read as an entirety there can be no doubt the jury understood the burden which was put upon the people and what constituted a reasonable doubt. *Hall* v. *People,* 39 Mich. 717; *McGuire* v. *People,* 44 Mich. 286; *People* v. *Davis,* 171 Mich. 241; *People* v. *Lalonde,* 171 Mich. 286; *People* v. *Kreidler,* 180 Mich. 654; *People* v. *Coulon,* 151 Mich. 200.

The argument of the prosecutor is criticised. Part of it as appears by the record was in reply to the argument of one of the attorneys for defendant, and the other part was justified by the testimony of the respondent who was sworn as a witness.

Many pages of the brief of respondent are devoted to an argument that the court erred because of the misconduct of the jury and of the officer in charge of the jury. This argument overlooks the affidavit of the officer as to what was done and said. If his affidavit is believed there was no misconduct that calls for a reversal of the case. The trial judge had the advantage of knowing the affiant.

The remaining assignments of error have had our careful consideration though we do not feel called upon

to discuss them. The respondent had the advantage of able and vigilant counsel. His case was carefully tried. We find no reversible error.

The conviction is affirmed, and the case is remanded for further proceedings.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.