WESS et al, v. SOUTH DAKOTA PACKING & SHIPPING COMPANY, Appellants

(180 N. W. 510.)

(File No. 4745.   Opinion filed December 22, 1920.)

1. **Appeals—Non-settled Record of Evidence—Whether Findings Sustained Conclusions, Judgment, Sole Question.**

   Where on appeal not settled record incorporating the evidence on trial as part of appeal record has been made, the sole question is whether findings sustained conclusions of law and judgment below.

2. **Food—Diseased Meat—Selling to Packer, Killing, Hog Found By Inspector Diseased, Condemned and Destroyed for Food Purposes Under Federal Law—Whether Sale Valid, Price Recoverable—State Statute Construed.**

Where a packer in whose establishment hogs were killed and meat products thereof packed and sold as food, and shipped in interstate commerce, all subject to federal inspection under laws of Congress and rules and regulations of Secretary of Agriculture, purchased without personal examination for immediate slaughter a hog at an agreed price per pound, vendor upon delivery demanding payment of such price, which was refused by vendee's employees until approval obtained, the hog prior to killing having been inspected by federal inspector, who suspected it was diseased, but without notifying vendor and giving him an opportunity to take away the animal, vendee and the inspector caused it to be killed in usual course after marking it for identification, and after killing same was upon further inspection found and ·determined not to have been in healthy condition but to have been unsound and unfit for human food by reason of sexual odor and of pyemia (blood-poisoning) both diseases being condemnatory under said laws and regulations, and was condemned and destroyed for food purposes by and in presence of inspector, its market value after such condemnation being but two cents per pound for purpose of making inedible grease and fertilizer, vendor having after such condemnation demanded payment of full purchase price; **held,** that findings accordingly were insufficient to sustain conclusion of law and judgment for purchase price in favor of vendor; that the contract of sale was void; construing also Sec. 7814, Code 1919, making it unlawful to slaughter for purpose of sale as food or to expose for sale or to sell, or bring or cause to be brought into any city * * within this state for food, any animal or carcass not in good healthy condition, and Sec. 7802, making violation of said provision a misdemeanor; that contracts in violation of such laws are void (Sec. 892, Code 1919.)

3. **Same—Sale of Unsound Hog Without Warranty, Whether Caveat Emptor Applies or Good Faith Material—Police Power Under Statute, Public Policy Re—Prohibited Act, Whether Motive Material.**

Under the facts so found, vendor's contention that, there being no warranty of soundness of hog, that rule of caveat emptor applies, is untenable, as is also his claim that he should have been afforded an opportunity to take away from vendee the animal before being killed; nor was vendor's good faith in making sale without knowledge of actual condition of hog material; said state statute being an exercise of police power based upon public policy for purpose of preventing sale to and consumption by general public of diseased meats; and (State v. Dorman, 9 S. D. 528) every person is charged with ascertaining at his peril that the act he performs is not

within statutory inhibition, that (State v. Johnson, 23 S. D. 293) lack of intent does not excuse infraction of police regulation; that the Legislature in exercise of police power may prohibit under criminal penalty, performance of a specific act; that doing of the prohiibted act constitutes the crime, and purity of motive prompting it, and knowledge of ignorance of its criminal character are immaterial on issue of guilt.

4. **Diseased Meats—Federal Inspection Laws—Duty of Inspector—Return of Diseased Carcass to Vendor Prohibited.**

Under Sec. 8681, C. S. Comp. Stat. 1918 (Portion of Act of March 4, 1907, 34 U. S. Stat. at Large Ch. 2907, p. 1260) in substance providing that all * * swine shall before slaughter be inspected and that animals showing symptoms of disease shall be marked and slaughtered separately and after slaughter further inspected, and if then found unhealthy and unfit for human food, condemned and destroyed as food by the packing establishment in inspector's presence, held, the findings in case at bar showing such killing, etc., show that inspector performed his duty; that after such discovery of diseased symptoms it became his duty to have said hog slaughtered and to then further inspect same and upon then finding same diseased and unfit for human food to condemn the hog and cause it to be destroyed for food purposes; that it would have been a violation of his duty, under said laws, to have returned the hog to vendor after such discoveries.

Whiting, J., dissenting.

Action by C. O. Wess and R. Daggett, against the South Dakota Packing & Shipping Company, a corporation, to recover the purchase price of a hog sold by plaintiff to defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded with directions.

*Hanten & Hanten,* and *Arthur Henrikson,* for Appellant.

*Case & Case,* for Respondent.

(3)  To point three of the opinion, Appellant cited: 16 C. J. 76 and 77, and Note 2 on page 77; State v. Burnam, (Wash.) 128 Pac. 218; Kelley v. John R. Daily Co., (Mont.) 181 Pac. 326.

McCOY, P. J.  Action to recover the purchase price of a certain hog. A jury having been waived, there was trial before the court, and from a judgment in favor of plaintiffs the defendant appeals.

[1]  No settled record incorporating and making the evi-

dence submitted on the trial a part of the appeal record has ever been made, and the only question before us is whether or not the findings of fact are sufficient to sustain the conclusions of law and judgment rendered by the lower court. The court in substance made the following findings of fact: That at the time and place in question the appellant corporation maintained a packing establishment in which live stock and hogs were killed and the meat product thereof packed and sold as food, and shipped in interstate commerce, all of which was subject to United States government inspections as provided by laws of Congress and rules and regulations of the Secretary of Agriculture; that appellant purchased of respondent for immediate slaughter one stag hog weighing 710 pounds, with 70 pounds dockage, at the agreed price of 19 cents per pound, or a total agreed purchase price of $121.60, which agreement was made without personal examination of said hog on the part of appellant; that on the 26th day of May, 1919, said hog was delivered by respondent at appellant's packing house in the city of Watertown and payment of the full purchase price therefor requested, but which was refused by employees of appellant until approval should have been obtained; that prior to the killing of said hog the federal inspector had opportunity to and did inspect said hog and did suspect said hog of being diseased; that the condition and appearance of said hog remained the same from time of delivery until the time of the killing thereof; that notwithstanding such suspicions of the diseased condition of said hog, and without notifying respondent and giving him an opportunity to remove and take said animal away, appellant and said federal inspector caused said animal to be killed in the usual course of business on the 29th day of May, the said hog having been marked for identification by the said inspector prior to the killing; that after the killing of said hog, and upon inspection thereof by said inspector, it was found and determined by him that said hog was not in a healthy condition, that at the time of killing thereof its carcass was unsound and unfit for human food by reason of sexual odor, and by reason also of the disease of pyemia (blood-poison), both of which diseases were causes of condemnation under the laws of Congress and the rules and regulations of the Secretary of Agriculture; and that, upon such inspection and ascertainment of the condition of said hog, said inspector condemned said hog,

and the same was destroyed for food purposes, in his presence, as required by federal laws and regulations; that after such condemnation said hog was worth two cents per pound only, the market value thereof for the purpooses of making inedible grease and fertilizer; that after the killing and condemnation of said hog respondent demanded payment of the full purchase price therefor which was refused by appellant, who thereupon tendered to respondent the sum of $14.20, which was refused by respondent.

As a conclusion of law the court found that respondent was entitled to recover the full amount claimed by him together with costs. It is the contention of respondent that he made no warranty of the soundness of said hog, and that the rule of caveat emptor applies. Respondent also contends that, under the circumstances shown, he should have been afforded an opportunity to remove or take said animal away from the possession of appellant prior to the killing therefor.

Section 7814, Rev. Code 1919, being a portion of chapter 11 of the Political Code, relating to the subject of the sale of food, provides as follows:

"It shall be unlawful for any person to slaughter for the purpose of sale as food, or to expose for sale or to sell, or bring or cause to be brought into any city, town or village within this state, for food, any animal or carcass of the same or any part thereof unless it was in good healthy condition at the time of killing."

Section 7802 of the same chapter provides:

"Any person who shall violate any provision of this chapter, for which a penalty is not provided, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished accordingly."

[2, 3]   We are of the opinion that under these provisions of the statute the contract for the sale of said hog was void. The questions of warranty, caveat emptor, and the good faith of respondent in making said sale without the knowledge of the actual condition of said hog are immaterial. These sections of our statute were enacted in the exercise of police power based upon well-grounded public policy for the purpose of preventing, as far as possible, the sale to and consumption by the general public of diseased meats. This court in the case of State v. Dorman, 9 S.

D. 528, 70 N. W. 848, held, when considering a similar police regulation, that every person is charged with ascertaining at his peril that the act he performs is not within the statutory inhibition. This court also held in State v. Johnson, 23 S. D. 293, 121 N. W. 785, 22 L. R. A. (N. S.) 1007, that the lack of intent does not excuse an infraction of a police regulation. It seems to be generally held that the Legislature, in the exercise of the police power may prohibit, under criminal penalty, the performance of a specific act. The doing of the prohibited act constitutes the crime, and the purity of the motive by which the act is prompted, and the knowledge or ignorance of its criminal character, are immaterial on the issue of guilt, 16 C. J. 76 and 77, and note; Com. v. Mixer, 207 Mass. 141, 93 N. E. 249, 31 L. R. A. (N. S.) 467, 20 Ann. Cas. 1152; Knight, etc., v. Miller, 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146; State v. Burnam, 72 Wash. 199, 128 Pac. 218. Under the provisions of our statute the act of selling a diseased hog for the purpose of slaughter as human food is, under criminal penalty, prohibited. Contracts made in violation of such laws are void. Section 892, Rev. Code 1919.

[4] Section 8681, U. S. Compiled Stat. 1918 (portion of Act of March 4, 1907, 34 U. S. Stat. at Large, c. 2907, p. 1260,) in substance provides that all cattle, sheep, and swine shall, before slaughter, be inspected, and that all animals showing symptoms of disease shall be marked and slaughtered separately and after slaughter shall be further inspected, and, if then found to be unhealthy and unfit for human food, shall be condemned and destroyed as food by the packing establishment in the presence of the inspector. The findings in this case show that the inspector faithfully performed his duty. After the inspector discovered symptoms of disease in said hog, it became his duty to have said hog slaughtered and then to further inspect the same, and, upon then finding the same to be in a diseased condition and unfit for human food, to condemn said hog and cause the same to be destroyed for food purposes. It would have been a violation of the duty of said inspector, under the federal statute, if, after discovery of symptoms of disease in said hog he had returned the same to respondent, as the statute plainly directs the inspector what to do when he finds symptoms of disease in live animals. We are of opinion that the findings of fact are insufficient to sustain the judgment appealed from.

The judgment appealed from is reversed, and the cause remanded, with directions to enter judgment for respondent in the sum of $14.20, and no more, and that respondent pay all costs.

`   WHITING, J., dissenting.