STATE, Respondent, v. WHITMAN, Appellant.

(216 N. W. 858.)

(File No. 6347.   Opinion filed December 20, 1927.)

*P. J. Donohwe*, of Bonesteel, and *W. J. Hooper*, of Gregory, for Appellant.

*Buell F. Jones*, Attorney General, and *Bernard A. Brown*, Assistant Attorney General, for the State.

MORIARTY, C. The appellant, George Whitman, was convicted on a charge of having intoxicating liquor in his possession in a public place, and he appeals from the judgment entered upon such conviction, and from an order denying a new trial.

The record shows the following facts: On April 20, 1924, a barber shop in the city of Burke was searched by officers, who found in a closet in the rear of the shop a bottle marked "Clover Blossom Toilet Water. A pleasing Face Lotion. Contains Grain Alcohol 50 per cent." This bottle contained "Moonshine Whisky." It is admitted that the defendant was the proprietor of the shop; that he had placed the bottle and its contents in the closet and knew that they were being kept there. But as a defense defendant testified that he bought the liquor as a face lotion and believed it to be that and had no knowledge that the bottles contained intoxicating liquors or liquors which were capable of being used for beverage purposes.

But expert evidence introduced by the state was to the effect that the liquors seized in defendant's shop contained 44 per cent of alcohol and were capable of being used as beverages; also that these seized liquors differed in color and in alcoholic content, and other content, from the Clover Blossom face lotion; that this face lotion contained 50 per cent of denatured alcohol and is unfit to be used as a beverage.

In their brief appellant's counsel say:

"There is no question as to the sufficiency of the evidence to sustain the verdict, so it is unnecessary to print all the state's testimony."

■ Therefore there is no question of the sufficiency of the evidence before this court, and the only question raised by the assignments of error deal with alleged errors of the trial court in giving and refusing of instructions, and alleged misconduct of the state's attorney in his closing argument to the jury.

■■ The assignments as to the giving and refusal of instructions raise but one question, viz., whether the defendant, knowing that the bottles and their contents were being kept in his shop, would be relieved of criminal liability if he did not know that the liquor was intoxicating and capable of being used for beverage purposes. Appellant's counsel contends that, to be convicted of the offense charged, defendant must know the illegal character of the liquor.

Section 10278, R. C., provides that "it shall be unlawful for any person to keep or have, for personal use or otherwise," intoxicating liquors in any public place. The statute does not contain the word "knowingly" or any similar term making scienter an element of the offense. The text-writers and the courts have clearly distinguished between offenses mala in se and those which are merely mala prohibita. And the courts have held, with very few exceptions, that, where there is nothing in the statute to indicate that scienter is an element of the offense, the knowledge or lack of knowledge of the defendant is immaterial. This court has clearly asserted its adherence to this rule. State v. Sasse, 6 S. D. 212, 60 N. W. 853, 55 Am. St. Rep. 834; State. v. Dorman, 9 S. D. 530, 70 N. W. 848; Wess v. Packing & Shipping Co., 43 S. D. 467, 180 N. W. 510. In support of these holdings, see Wharton on Criminal Law, sections 87 and 88; Voves v. United States (C. C. A.) 249 F. 191; Feeley v. United States (C. C. A.) 236 F. 906; Halsted v. State, 41 N. J. Law, 560, 32 Am. Rep. 247; State v. Smith, 57 Mont. 563, 190 P. 107; State v. Hennessy, 114 Wash. 351, 195 P. 211; Commonwealth v. Smith, 166 Mass. 370, 44 N. E. 503; People v. McClennegen, 195 Cal. 445, 234 P. 91; United States v. Balint, 258 U. S. 250, 42 S. Ct. 301, 66 L. Ed. 604.

In the case last cited Chief Justice Taft discusses the rule that:

"The state may in the maintenance of a public policy provide 'that he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance.' "

And the decision holds that the question is one of statutory construction and that scienter is not an element of such statutory offenses unless the statute so provides, and a long list of decisions so holding is cited therein.

As supporting their contention, defendant's counsel cite State v. Wyatt, 47 S. D. 576, 200 N. W. 1019. But in that case the defense offered to show that the defendant did not put the liquor where it was found, did not know it was there, and had never had anything to do with it. Therefore the question before the court in that case was not as to the defendant's knowledge of the nature of the liquor, but whether it was ever in his possession, and the court held that, although the liquor was found on his premises, the defendant should be allowed to present evidence along the line of his offer. , That decision does not apply to the question raised in this case.

██ ██ As to the alleged misconduct of the state's attorney, the record shows that at one time during his argument to the jury the state's attorney said that people outside the courthouse and in Burke had told him about the defendant being a bootlegger and selling moonshine, and later in his argument stated that the reason he was trying the case again was that two of the jurymen who sat on the jury in the prior trial of the case had admitted to him that they had bought liquor of the defendant. On each occasion defendant's counsel objected to the making of these statements and the trial court admonished the jury that in arriving at a verdict they should not consider any statements not made from the witness stand.

Under any ordinary circumstances the making of such statements by the prosecuting attorney would be such misconduct as would entitle the defendant to a new trial, and it is doubtful whether any admonition from the court could overcome the prejudice which such statements must be presumed to create. But the record shows that the defendant's counsel, in his argument, said of the state's attorney:

. "He knew when this case was tried at the last term of court, when the jury disagreed, how the jury stood, and he also knows that it is customary under such circumstances to dismiss a criminal case. Now I am a taxpayer of this county, and it is not right that taxpayers of this county be burdened with the expense of trying

this case the second time, in the face of such disagreement. And to save the taxpayer's money why didn't he dismiss the case? I want him to tell you as taxpayers, in his closing argument, why he didn't dismiss the case."

This statement of defendant's counsel plainly invited the reply made by the state's attorney, and it is well established that no one can take advantage of error or misconduct which he has invited.

"The argument of the district attorney having been provoked and invited by counsel for the defendant, it cannot now be assigned and relied upon as misconduct requiring a reversal." People v. Sliscovich, 193 Cal. 553, 226 P. 615.

See, also, 16 C. J. 911, and the many cases there cited; State v. Parks, 25 N. M. 395, 183 P. 433; State v. Browman, 191 Iowa 608, 182 N. W. 823; State v. Kendall, 200 Iowa 483, 203 N. W. 806; State v. Wilson, 157 Iowa 698, 141 N. W. 337; Eastman v. Ry. Co., 101 Mich. 597, 60 N. W. 309; People v. Powers, 203 Mich. 40, 168 N. W. 938.

We find no reversible error in the record, and the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.

CAMPBELL, P. J., concurs in result.