PEOPLE *v.* CORMANDY

PEOPLE *v.* GAVAL

1. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES—DISCRETION.

The addition of witnesses to a criminal information is within the court's discretion, and the trial court's granting of the people's motion to indorse three additional witnesses was not reversible error where the beginning of the trial was postponed to give the defense time to interview the witnesses (CLS 1961, § 767.40).

2. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES—DISCRETION.

Trial court's granting of the people's motion to indorse an additional witness on a criminal information against defendants *held*, not reversible error even though the trial was not delayed, where the prosecution made a showing that it was not previously aware of the witness, the defense had ample time to interview the witness before he testified, and the defense did not avail itself of the opportunity to cross-examine the witness (CLS 1961, § 767.40).

3. CRIMINAL LAW—EVIDENCE—IDENTIFICATION OF SUSPECTS—BINOCULARS.

Binoculars are not within the same class of scientific instruments as X-ray apparatus and microscopes and therefore rules of evidence relating to laying of a foundation for admission of testimony about X-ray or microscopic observations do not necessarily apply to testimony about observations made with binoculars.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 122 *et seq.*
[4] 53 Am Jur, Trial § 137 *et seq.*

4. CRIMINAL LAW—EVIDENCE—OBJECTION.
  Parties making objections to the introduction of evidence must
      specifically state the grounds of the objection to preserve
      the objection for appellate review.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 5, 1969, at Lansing. (Docket Nos. 5,097, 5,861.)  Decided March 25, 1969. Leave to appeal denied as to both defendants May 23, 1969.  See 382 Mich 756.

Charles Cormandy and David Gaval were convicted of breaking and entering.  Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Sauer & Girard* (*J. Robert Sterling* and *Condit, Denison, Devine, Porter & Bartush,* of counsel), for defendant Cormandy.

*Franklin & Harris,* for defendant Gaval.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

McGREGOR, J.  The jury found defendants guilty of breaking and entering, MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305), and their subsequent appeals are consolidated in the present discussion. The first issue raised is whether the trial court committed reversible error by allowing the indorsement of additional witnesses to the information. Two days before the scheduled trial date the court

granted, without a formal order, the prosecutor's motion to add three *res gestae* witnesses. Later, the court postponed the trial's commencement by two weeks. At trial, before the *voir dire* examination, the prosecutor noted the earlier motion and moved for the addition of a fourth witness. Although defendants objected, the court granted the motion and denied defendants' motion for a continuance.

The indorsement of the three additional witnesses was not reversible error. Defendants did not make the necessary objection to the indorsement, *People v. Qualls* (1968), 9 Mich App 689, and they had approximately three weeks to interview the witnesses before trial testimony began. See *People v. Hawks* (1919), 206 Mich 233. Similarly, the indorsement of a fourth witness was not reversible error. The addition of witnesses to the information is within the court's discretion, and a continuance may be granted to allow time to interview the witnesses. *People v. Blue* (1931), 255 Mich 675. The prosecutor stated he did not know of the fourth additional witness at the time of filing the information, and thus the court did not abuse its discretion by allowing the addition. CLS 1961, § 767.40 (Stat Ann 1969 Cum Supp § 28.980); *People v. Bollman* (1913), 178 Mich 159. Moreover, defendants did not present sufficient reason to grant the continuance and there was ample time to interview the witness before his actual trial testimony began. After the prosecutor asked brief introductory questions of the fourth witness and deferred to defendants for cross-examination, the defendants had no questions. Thus, the minimal testimony of the witness, indorsed in compliance with the statutory requirement rather than for his substantive testimony, did not prejudice defendants.

The second issue raised is whether the court committed reversible error by allowing police testimony of binocular observation and identification of defendants, despite their objections and request that all testimony with regard to binoculars be stricken. Defendants contend on appeal that a proper foundation for the testimony was not laid. Defendants analogize binoculars to scientific instruments and contend that testimony regarding their correctness and trustworthiness was a prerequisite to the identification of defendants, according to 3 Wigmore, Evidence (3d ed), §§ 795, 795a. Their analogy is inapt; binoculars are not within the class of scientific instruments contemplated by the cited sections concerning X-ray apparatus and microscopes.

Although authority is scarce on the use of binocular testimony, the question of its propriety is not well posed by this appeal. When their objection was raised, defendants stated no grounds or reasons why the testimony should be stricken. The general rule that objections to evidence must be specific is firmly embedded in Michigan jurisprudence.

"It is the duty of a party objecting to the admission of evidence, to state the ground of his objection with perspicuity." *Hoard* v. *Little* (1859), 7 Mich 468, 470.

The objections were not sufficiently explicit to preserve an appellate theory attacking the use of binoculars.

Defendants made no request to examine the binoculars and they did not cross-examine the witness concerning the quality of the binoculars used. Rather, they cross-examined the witness on the credibility of his testimony by asking questions concerning the illumination of the area and what he observed. If defendants had requested an examination

of the binoculars, and the court had refused, their argument would have more merit. But defendants' general objections at trial cannot be transformed on hindsight into a specific objection that no foundation, by testimony concerning the binoculars' accuracy, was laid for the subsequent testimony identifying defendants. The objection was simply imprecise, vague, and properly overruled.

The remaining issues presented are unsubstantial.

Convictions affirmed.

All concurred.