PEOPLE v SCANLON

1. CRIMINAL LAW—INTERROGATION—WARNING OF RIGHTS—STATE-
   MENTS—ADMISSIBILITY.

   Statements obtained from an accused during custodial interroga-
   tion, in order to be admissible at trial, must be preceded by
   warnings of the accused's constitutional rights.

2. CRIMINAL LAW—MIRANDA WARNINGS—INTERROGATION.

   An accused is entitled to *Miranda* warnings prior to questioning,
   once an investigation has focused on him.

3. CRIMINAL LAW—MIRANDA WARNINGS—INTERROGATION.

   Questions which do not substantially concern the offense charged
   fall outside the parameters of the *Miranda* decision.

4. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER—STATEMENTS—
   ADMISSIBILITY.

   The prosecution is barred from proving the guilt of an accused
   with statements made by him while he was in custody but prior
   to a waiver of the assistance of counsel.

5. APPEAL AND ERROR—WALKER HEARING—STATEMENTS—VOLUNTARI-
   NESS—INDEPENDENT DETERMINATION.

   An appellate court, when reviewing a determination made at the
   conclusion of a *Walker* hearing, will examine the entire record
   and make an independent determination of the voluntariness of
   a statement; however, the decision of the trial court will be
   reversed only where the reviewing court has a definite and firm
   conviction that an error was committed.

Appeal from Grand Traverse, William R. Brown,
J. Submitted February 3, 1977, at Grand Rapids.
(Docket No. 27184.) Decided March 3, 1977.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 29 Am Jur 2d, Evidence §§ 555–557.
   Necessity of informing suspect of rights under privilege against self-
   incrimination, prior to police interrogation. 10 ALR 3d 1054.
[5] 5 Am Jur 2d, Appeal and Error § 783.

Paul R. Scanlon was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael J. Houlihan,* Prosecuting Attorney, (Prosecuting Attorneys Appellate Service, *Mark I. Leach,* Assistant Attorney General, of counsel), for the people.

*Aylsworth, Kronk & Foresman,* for defendant.

Before: D. F. WALSH, P. J., and QUINN and BASHARA, JJ.

PER CURIAM. On November 24, 1975, defendant was convicted of breaking and entering an occupied dwelling with intent to commit larceny therein, contrary to MCLA 750.110; MSA 28.305. He was sentenced on December 19, 1975, to a prison term of 8-1/2 to 15 years. He appeals contending that his confession was improperly admitted into evidence.

On March 26, 1975, Kathleen Olds witnessed an automobile collision in Grand Traverse County and was asked to summon help. Going to a nearby house Ms. Olds discovered that the glass in the door was broken and the door was open. She went inside, called the police and returned to the accident scene where she reported her observations. The police investigated the house and contacted the owner who found a shotgun, shotgun shells, food and safe missing. The items were subsequently confiscated from one of the vehicles involved in the collision which had been occupied by defendant and a companion.

Three days after the accident Detective Sergeant Martin Trombley of the county sheriff's depart-

ment went to Munson Hospital for purposes of interviewing defendant with regard to the breaking and entering. Defendant was hospitalized for injuries suffered during the collision. As a result of the interview, defendant confessed to the breaking and entering.

Prior to trial defendant moved to suppress his confession on the basis that *Miranda*[1] warnings were not timely given and that medication he was receiving while hospitalized rendered his confession involuntary.

Following a *Walker*[2] hearing, the trial court denied the motion. The court found that defendant was not questioned as to any material aspect of the crime charged until after he was advised of his constitutional rights. The court further held that defendant was aware of his rights, knowingly waived them and voluntarily confessed notwithstanding the medication being administered. The court based its determination on medical testimony offered at the hearing and on the court's own assessment of defendant's lucidity made after hearing a recording of the interview.

In order to be admissible at trial, statements obtained from an accused during custodial interrogation must be preceded by warnings of the accused's constitutional rights. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). In Michigan, an accused is entitled to such warnings prior to questioning once an investigation has focused on him. *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), *cert den,* 422 US 1044, 1048; 95 S Ct 2660, 2665; 45 L

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

Ed 2d 696, 701 (1975), *People v Ridley,* 396 Mich 603; 242 NW2d 402 (1976).

In the case at bar, Sergeant Trombley, upon first entering defendant's hospital room, asked the defendant where he was from and how he happened to arrive in the county. The officer thereafter read the defendant the *Miranda* warnings, defendant indicated he understood them, waived his rights, and, upon further questioning by the officer, confessed to the crime. Trombley admitted at the *Walker* hearing that at the time of the interview defendant was suspected of the crime.

The record reveals that questions preceding the warnings did not substantively concern the offense charged. Therefore, they fall outside the parameters of the *Miranda* decision. *People v Van Epps,* 59 Mich App 277; 229 NW2d 414 (1975). See, *People v Toler,* 45 Mich App 156; 206 NW2d 253 (1973). But see, *People v Mann,* 49 Mich App 454; 212 NW2d 282 (1973). *Miranda* also bars the prosecution from proving the guilt of an accused with statements made by the accused while in custody prior to obtaining or effectively waiving the assistance of counsel. *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971), *Michigan v Tucker,* 417 US 433; 94 S Ct 2357; 41 L Ed 2d 182 (1974), *People v Reed, supra.* In the present case, however, the statements of the defendant which were introduced into evidence followed his waiver of the right to counsel. We find that the requirements of *Miranda* were fully satisfied.

Defendant's argument that his confession was involuntary also fails. While an appellate court, in reviewing a determination made at the conclusion of a *Walker* hearing, will examine the entire record and make an independent determination of the voluntariness of a statement, the decision of

the lower court will only be reversed where the reviewing court has a definite and firm conviction that an error was committed. *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974), *People v Van Epps, supra.* After examining the entire record, we conclude that no error was committed by the trial court and its decision is amply supported by the evidence.

Affirmed.