## DONALD CRADDOCK *v.* STATE OF MARYLAND

[No. 581, September Term, 1980.]

*Decided January 9, 1981.*

514

The cause was submitted on briefs to GILBERT, C. J., and MORTON and THOMPSON, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Patricia A. Logan, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Ann E. Singleton, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *R. David Fordham, Assistant State's Attorney for Anne Arundel County,* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The appellant, Donald E. Craddock, was convicted by a jury in the Circuit Court for Anne Arundel County (Childs, J.) of the crime of escape. Md. Ann. Code art. 27, § 139. On appeal to this Court, the appellant asks:

> "1. Did the trial court err in ruling that Appellant could not call witnesses to testify concerning the coercive circumstances which compelled his escape?
> 2. Did the trial court err in refusing to allow Appellant to testify concerning threats he received immediately prior to his escape?
> 3. Did the trial court commit plain error in instructing the jury that the defendant has the burden of persuasion in establishing the defense of necessity?
> 4. Did the trial judge err in permitting the State to comment on Appellant's prior convictions in argument?"

The issues can be reduced to one question, namely: According to the Supreme Court decision of *United States v. Bailey,* 444 U.S. 394, 100 S. Ct. 624, 62 L. Ed. 2d 564 (1980), did the trial judge properly exclude testimony which would have supported the appellant's defenses of necessity and

duress to the escape charge? We hold that the trial judge did not err, and we affirm the appellant's conviction.

This Court, in *Robinson v. State,* 42 Md. App. 617, 402 A.2d 115 (1979), articulated the elements necessary to establish a successful defense of necessity and duress.[1] We said:

> " '(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
>
> (2) There is no time for a complaint to the authorities or there exists a history of futile complaints which makes any result from such complaints illusory;
>
> (3) There is no time or opportunity to resort to the courts;
>
> (4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and
>
> (5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.' " *Id.* at 621, 402 A.2d at 117, *quoting People v. Lovercamp,* 118 Cal. Rptr. 110, 115 (1975).

The Supreme Court, in *United States v. Bailey, supra,* addressed the element of necessity as a defense to an indictment charging escape. *See* 18 U.S.C. § 751 (a). The defendants in *Bailey* escaped from a District of Columbia jail and were recaptured a few months later. Relying on the defense of necessity, each defendant averred that the escape was motivated by intolerable conditions existent in the jail, but during the course of the trial, they were unable to offer evidence of whether they had surrendered or had attempted to surrender to the authorities. The defendants did, however, give the reasons why they did *not* surrender. Primarily the

---

1. To reiterate our statement in Robinson v. State, *supra* at 619, 402 A.2d at 116, the legal defenses of necessity and duress are to be treated "interchangeably" for purposes of this case. *See* discussion of the differences between the terms in United States v. Bailey, *supra* at 409-10.

defendants claimed to have heard reports from unidentified sources that the authorities would shoot them upon surrender.

At the close of the evidence, the trial judge refused to instruct the jury on the defense of necessity inasmuch as one element of the defense, that of surrender to the authorities once the conditions which prompted the escape were removed, had not been adequately shown. In affirming the District Court's decision, the Supreme Court held that a defendant accused of escape is not entitled to a jury instruction on the defense of necessity unless he proffered "testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." 444 U.S. at 413.

In the instant case, Judge Childs excluded evidence of the defense of necessity and duress because the appellant was unable to show to the court's satisfaction that he surrendered to the authorities once the "coercive force" was removed. The record indicates that the appellant escaped from the Maryland House of Correction and was apprehended by the authorities approximately one month later in Savannah, Georgia. During the trial, Judge Childs requested that the appellant show that he had "turned himself in as soon as the danger to which he subscribe[d] [was] eliminated." The appellant's proffer, however, fell short of the *Bailey-Robinson* standard.

The appellant could give reasons why he did not surrender. Those reasons were strikingly similar to those offered in *Bailey.* The appellant testified that his primary concern was the fear of being shot by the authorities if he surrendered. Just as the Supreme Court refused to accept such reasons in *Bailey,* we reject them here.

The appellant argues that the trial court acted prematurely in prohibiting testimony to support the defense of necessity, specifically, testimony of the conditions which motivated the appellant's escape. Instead, the appellant contends that all evidence going to the defense of necessity should have been admitted, and that the decision of whether

the evidence was sufficient to warrant jury instructions on the defense should have been adjudged at the close of the appellant's case. In light of *Bailey,* we disagree. While the trial court in *Bailey* permitted testimony relating to the necessity defense throughout the trial, despite the lack of testimony concerning the appellant's surrender, it declined to give the jury instructions on the defense. The Supreme Court, however, disputed the efficiency of that procedure. A reason for the rationale of *Bailey*'s proffer requirement is to conserve the resources of the jury and dispense with unnecessary testimony which the jury would, under proper instruction, not be able to consider. By determining at the outset of a defendant's case whether he surrendered or made an attempt to do so once the motivating force behind the escape was eliminated, a trial judge can initially discern whether the elements of the necessity defense, the guidelines of which must be strictly adhered to, have been met. The trial judge can either permit or prohibit testimony relating to the defense. If evidence of the defense is prohibited because one of the elements is lacking, the court and jury are spared having to listen to irrelevant testimony.

We adopt the words of Mr. Justice Rehnquist in *United States v. Bailey, supra* at 416:

> "[I]t is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses. If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense."

*Judgment affirmed.*
*Costs to be paid by appellant.*