PEOPLE v STEPHENS

Docket No. 51296. Submitted June 20, 1980, at Lansing.—Decided
    February 5, 1981.

Billy R. Stephens was convicted of escaping from prison and was
    sentenced to an additional prison term, Jackson Circuit Court,
    Russell C. Noble, J. He appealed. The people moved to affirm
    the judgment of the trial court, which motion was granted by
    the Court of Appeals for the reason that the questions sought
    to be reviewed were so unsubstantial as to need no argument or
    formal submission. Defendant then sought leave to appeal to
    the Supreme Court which, in lieu of granting leave, reversed
    the order of the Court of Appeals and remanded the case for
    plenary consideration. 408 Mich 904 (1980). *Held:*

    1. Defendant's contention that the substantial delay between
    his arrest and subsequent trial denied him his right to a speedy
    trial is without merit. Most of the delay is attributable to
    defendant. There was no deliberate attempt on the part of the
    · prosecution to delay the trial in order to hamper defendant's
    defense. The delay caused no prejudice to defendant's case.

    2. The case was properly brought within the time limitation
    and manner prescribed by statute for initiation of actions
    against inmates of state penal institutions.

    3. The trial court properly refused to instruct the jury on the
    defense of duress, no evidence having been presented which
    would enable the jury to infer that defendant escaped to avoid
    a threatened harm.

    4. Defense counsel's manner of presentation of the duress
    defense could be seen as reasonable trial strategy and does not
    warrant a new trial.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 249, 250.
[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 16, 19.
    60 Am Jur 2d, Penal and Correctional Institutions §§ 42-46.
    Duress, necessity, or conditions of confinements as justification for
    escape from prison. 69 ALR3d 678.

1. CRIMINAL LAW — RIGHT TO A SPEEDY TRIAL — COURTS — CONSTITU-
   TIONAL LAW.

   A court in determining whether a defendant has been deprived of
   his right to a speedy trial should consider the length of the
   delay, the reason for the delay, the defendant's assertion of his
   right, and the prejudice to the defendant.

2. CRIMINAL LAW — PRISON INMATES — CRIMINAL ACTIONS — LIMITA-
   TION OF ACTIONS — STATUTES.

   A criminal action against an inmate of a state penal institution is
   properly brought where it is commenced within 180 days after
   written notice of his place of imprisonment and request for
   final disposition is made by the Department of Corrections to
   the prosecuting attorney of the county in which such action is
   pending, but the trial need not be completed within that period
   where the prosecutor proceeds promptly in good faith to bring
   the case to trial; the case need only stand ready for trial (MCL
   780.131 *et seq.;* MSA 28.969[1] *et seq.*).

3. PRISONS AND PRISONERS — PRISON ESCAPE — TRIAL — DEFENSE OF
   DURESS — ELEMENTS OF DURESS — BURDEN OF PROOF — PROSE-
   CUTING ATTORNEYS.

   A defendant accused of prison escape may successfully raise the
   defense of duress where he presents evidence from which a jury
   could conclude that the threatening conduct complained of was
   sufficient to create the fear of death or serious bodily harm in
   the mind of a reasonable person, the conduct in fact caused
   such fear, the fear was operating upon the mind of the defen-
   dant at the time of the escape, and the defendant committed
   the act to avoid the threatened harm; once a defendant pro-
   duces such evidence the burden of proof is on the prosecution
   to prove beyond a reasonable doubt that the defendant's escape
   was not under duress.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK, JR. and J. H. PIERCEY,* JJ.

PER CURIAM. Defendant was convicted of prison
escape, contrary to MCL 750.193; MSA 28.390, and
sentenced to serve from eight months to five years
in prison upon termination of his present sen-
tence. Defendant appeals as of right.

Defendant's wife testified at trial as follows. She
had received threatening telephone calls from a
Raymond Zoroski. Zoroski told her that he would
kill her and her children. She contacted the police,
but Zoroski was not arrested. She twice visited her
husband in prison and told him about Zoroski's
threats.

Defendant testified that Raymond Zoroski had
been involved in the crime for which defendant
was imprisoned, but Zoroski was never charged.
Defendant admitted that he left prison on August
10, 1977, and that during the eight days that he
was out of prison he looked for Zoroski but could
not find him. Defendant was arrested at his home
and charged with prison escape.

It is the defendant's contention that because
there were some 342 days between his arrest and
trial on the charge of prison escape he was denied
the right to a speedy trial. The United States
Supreme Court in *Barker v Wingo,* 407 US 514; 92
S Ct 2182; 33 L Ed 2d 101 (1972), identified four
factors which courts should assess in determining
whether a defendant has been deprived of his
right to a speedy trial. These factors are the
length of the delay, the reason for the delay, the
defendant's assertion of his right, and the preju-
dice to the defendant.

We find that, although there was a substantial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

delay between the defendant's arrest and trial, only 13 of the 342 days were attributable to the state. There was no deliberate attempt on the prosecution's part to delay trial in order to hamper the defendant's defense, and we find no prejudice to the defendant's case which obtained because of the delay in trial.

We do not find it necessary to decide whether the 180-day rule of MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* applies to prison escapes. The instant case was brought within the statutory 180-day limitation period, and the Supreme Court in *People v Hendershot,* 357 Mich 300, 304; 98 NW2d 568 (1959), said:

"The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met. When the people have moved the case to the point of readiness for trial and stand ready for trial within the 180-day period, defendant's delaying motions, carrying the matter beyond that period before the trial can occur, may not be said to have brought the statute into operation, barring trial thereafter."

The defendant's preliminary examination was begun within the 180-day limitation period, and there was no showing of lack of good faith on the prosecution's part in proceeding promptly toward trial. There were no 180-day gaps in the steady progress of the case toward trial, and the delay between preliminary examination and trial occurred with the defendant's consent.

The trial court committed no error when it refused to instruct the jury on the defense of

duress. A defendant must first produce evidence from which the jury could find the elements of duress were present. Once a defendant produces such evidence the burden of proof is on the prosecution to prove beyond a reasonable doubt that the defendant's escape was not under duress. *People v Luther,* 394 Mich 619; 232 NW2d 184 (1975).

In *Luther* the Court said:

"A defendant successfully raises the defense of duress when he presents evidence, as here, from which a jury could conclude:

"A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

"B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

"C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

"D) The defendant committed the act to avoid the threatened harm." *Id.,* 623.

The defendant in the instant case did not produce evidence from which the jury could infer that the defendant committed the act of escape to avoid the threatened harm. The defendant's escape could not directly prevent the threatened harm, and the defendant presented no evidence to explain how he was going to prevent the threatened murders. Because no evidence on this element of duress was presented, there was no basis for the jury to determine that the defendant's presence at home could have prevented the threatened harm. One of the elements of duress was not shown, and so the trial court properly refused to instruct on that defense.

Lastly, defense counsel's presentation of the duress defense at trial rather than a motion *in*

*limine* before trial could be seen as reasonable trial strategy that could be the choice of a competent trial counsel. We do not find that the decision of counsel warrants a new trial of this case.

Affirmed.