**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John E. MILLER, Defendant and Appellant.**

**No. 13318.**

Supreme Court of South Dakota.

Argued Oct. 20, 1981.

Decided Dec. 16, 1981.

Miles F. Schumacher, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Sidney B. Strange of Strange & Strange, Sioux Falls, for defendant and appellant.

DUNN, Justice.

Defendant Miller appeals from a jury verdict finding him guilty of escape from the South Dakota State Penitentiary. We affirm the conviction.

On November 13, 1979, defendant escaped from the west farm of the State Penitentiary. The evidence indicates that defendant at the time of his departure was in actual lawful custody, that he left the west farm without permission, and was arrested four days later in Dodgeville, Wisconsin.

At trial defendant presented evidence that he had been transferred from the main prison facility to the west farm in March of 1979. In June, 1979 he was transported to the cottage facility for a medical examination and was stabbed with a knife by another inmate while waiting in the lobby. Defendant was hospitalized and returned to the west farm. He subsequently received death threats from this inmate who was housed in the main prison population. On November 13, 1979, defendant was informed by the prison personnel that he was being transferred from the west farm into the main prison facility. This transfer was made necessary because the defendant became involved in an altercation on the farm and lost his trusty status.

Defendant testified that shortly after he was informed of his impending transfer, his mind snapped and he believed he was in Vietnam. He thought his fellow inmates were Vietnamese and he attempted to hide from them in a Buddha shrine. He can not recall his actions between the time his mind snapped and when he awoke four days later in a jail cell in Dodgeville, Wisconsin. On cross-examination defendant stated that he escaped because he thought he was in Vietnam and was hiding from his enemies.*

Defendant made a motion for a judgment of acquittal which was denied by the circuit court. Defendant did not except to the instructions given by the court or propose any instructions of his own. Defendant now claims that the court erred in its ruling denying his motion for judgment of acquittal contending that the State failed to rebut the justification defense by not proving the offense of escape beyond a reasonable doubt. It is doubtful that defendant has preserved his record for appeal on this issue, but in light of our holding we will address this issue.

The precise question of the existence of a justification defense to an escape charge based on fear of injury or death from physical attack has not been decided previously by this court. Our statutes recognize, however, that the defense of justification may negate criminal purpose. SDCL 22–5–1 provides: "A person may not be convicted of a crime based upon conduct in which he engaged because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been lawfully unable to resist." In light of this statute, it appears

---

* Defendant alleges on appeal, however, that his fear of being harmed upon return to the main prison population justified his escape.

that the defense of justification exists in South Dakota.

The jurisdictions are in conflict regarding the question of when a justification defense is properly submissible to the trier of fact. The first approach as followed in *People v. Lovercamp*, 43 Cal.App.3d 823, 831–832, 118 Cal.Rptr. 110, 115 (1974) (footnote omitted) limits the availability of the defense of justification to the following circumstances:

(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

See also *Craddock v. State*, 47 Md.App. 513, 424 A.2d 168 (1981); *Com. v. Clark*, 287 Pa.Super. 13, 429 A.2d 695 (1981).

The United States Supreme Court in construing the federal escape statute, 18 U.S.C. § 751(a), adopted a similar rigid approach recognizing that a defendant must proffer evidence of a bona fide effort to surrender or return to custody as soon as the coercive force of the claimed duress or necessity ended. *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).

In *State v. Baker*, 598 S.W.2d 540 (Mo. App.1980), the Missouri Court of Appeals rejected the rigid approach taken by the California Court in *Lovercamp* and the United States Supreme Court in *Bailey*, and held that the defense of necessity was properly raised "when the offered evidence, if believed by the jury, would support a finding by them that the offense of escape was justified by a reasonable fear of death or bodily harm so imminent or emergent that,

according to ordinary standards of intelligence and morality, the desirability of avoiding the injury outweighs the desirability of avoiding the public injury arising from the offense committed to avoid injury to the prisoner." *Id.* at 546. The *Baker* court determined that the *Lovercamp* preconditions were only circumstances to be considered by the trier of fact regarding the weight and credibility of the defendant's testimony. See also *People v. Unger*, 66 Ill.2d 333, 5 Ill.Dec. 848, 362 N.E.2d 319 (1977); *Com. v. Thurber*, —— Mass. ——, 418 N.E.2d 1253 (1981).

The defense of justification in South Dakota as expressed in SDCL 22–5–1 is similar to the *Baker* approach, for it examines the circumstances surrounding the crime based on a reasonable person standard. The statute does not limit the defense to only those situations where the five *Lovercamp* elements have been shown. We believe the *Baker* approach follows the requirements of our statute and therefore, we are inclined to follow this approach. We hold that defendant's evidence was sufficient, if believed, to properly raise the justification defense.

This court stated in *State v. Myott*, 246 N.W.2d 786, 788 (S.D.1976), that the circuit court should not grant a directed verdict of acquittal "[w]hen the state has introduced evidence upon which, if believed by the jury, they may reasonably find the defendant guilty of the crime charged[.]" Quoting *State v. Bates*, 76 S.D. 23, 29, 71 N.W.2d 641, 644 (1955). We have also held that due process in a criminal prosecution requires that the State must prove beyond a reasonable doubt every fact necessary to constitute the alleged crime. *State v. Nelson*, 272 N.W.2d 817 (S.D.1978). Other courts have recognized that after the defense of justification is properly raised by defendant to an escape charge, the burden rests on the State to disprove the defense beyond a reasonable doubt. *State v. Reese*, 272 N.W.2d 863 (Ia. 1978); *People v. Stephens*, 103 Mich.App. 640, 303 N.W.2d 51 (1981).

The State raised sufficient doubts regarding the credibility of defendant's defense to

meet their burden of proof and to warrant submission of the case to the jury. The State introduced evidence that on the morning of March 13, 1979, defendant asked another inmate to escape with him. A prison official testified that he advised defendant, prior to his escape, that defendant would be confined in closed custody or protective custody at the main prison facility for his safety. Furthermore, the State raised doubts concerning the validity of defendant's claim that his mind snapped when defendant testified on cross-examination that he remembered getting the keys to the pickup, his escape vehicle, from the doorlock of the pickup. His defense had alleged that his mind snapped prior to his escape and that he could not recall any subsequent actions.

We conclude that the circuit court did not err in submitting the case to the jury, as it could reasonably be found from the evidence that defendant was guilty of escape.

We affirm.

MORGAN, HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., concurs specially.

WOLLMAN, Chief Justice (concurring specially).

I agree that the judgment of conviction should be affirmed. I would hold, however, that before a defendant is entitled to an instruction on the defense of justification in a prosecution for escape he must introduce evidence that would at least create an issue of fact for the jury on each of the five elements set forth in *People v. Lovercamp*, 43 Cal.App.3d 823, 831–32, 118 Cal.Rptr. 110, 115 (1974), as quoted in the majority opinion. Engrafting the *Lovercamp* conditions upon the statutory defense of justification seems to me to be a reasonable reading of SDCL 22–5–1, as that statute is applied to penitentiary inmates. Although inmates certainly do not lose the basic human right of personal safety and integrity, it is beyond argument that they are deprived of many, if not most, of the attributes of personal freedom accorded to persons in general society. One of the principal virtues of the *Lovercamp* approach is that it forthrightly recognizes the very narrowly circumscribed circumstances in which the defense of justification may properly be raised in escape cases. Although as a practical matter the difference between the *Lovercamp* approach and the approach adopted by the majority opinion may be one of degree rather than kind, see, e.g., *State v. Reese*, 272 N.W.2d 863, 869 (Iowa 1978) (McCormick, J., dissenting), the *Lovercamp* conditions provide clear-cut guidelines against which the trial court and the jury may judge justification defenses. As Mr. Justice Rehnquist pointed out in his opinion for the Court in *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), escape case trials should generally be simple affairs. The conditions set forth in the *Lovercamp* decision serve to clarify the issues and to narrow the class of cases in which the defense of justification can be raised. Accordingly, I would adopt the *Lovercamp* rule.