PEOPLE v GREVIOUS

Docket No. 57152. Submitted June 28, 1982, at Lansing.—Decided
    September 9, 1982.

Carl S. Grevious, while an inmate on a prison farm, was discov-
    ered to be missing by a supervisor. The control center was
    notified of a possible escape and two corrections officers were
    sent to the prison farm to aid in the search and investigation.
    By the time the corrections officers arrived, defendant had
    returned. Defendant was asked by the supervisor and the
    corrections officers to show them where he had been. No
    *Miranda* warnings were given at that time. As they walked in
    new-fallen snow, defendant was asked to indicate which tracks
    in the snow were his. The men followed the tracks which
    defendant indicated were his and found a box containing bot-
    tles of liquor. Two days later defendant gave a statement to a
    state police investigator after having been apprised of his
    *Miranda* rights. At a bench trial in Jackson Circuit Court,
    Gordon W. Britton, J., on a charge of bringing liquor onto
    prison property, defendant initially did not object to the admis-
    sion of the statements into evidence, but when he thereafter
    objected to the admission of testimony concerning the state-
    ments on the basis of the failure to give him his *Miranda*
    warnings prior to any questioning, the objection was overruled.
    Defendant was found guilty on the liquor charge and thereafter
    pled guilty to being a second offender. Defendant appeals. *Held:*

    1. The trial court did not lose jurisdiction over the defendant
    by reason of the failure to bring defendant to trial within the
    180-day statutory period for bringing to trial an accused in-
    mate, since that statute is not applicable to new offenses

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 21 Am Jur 2d, Criminal Law § 552.
    21A Am Jur 2d, Criminal Law §§ 652 *et seq.,* 849 *et seq.*
[2] 21A Am Jur 2d, Criminal Law § 794.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[4] 21A Am Jur 2d, Criminal Law § 791 *et seq.*
    29 Am Jur 2d, Evidence § 531.

committed by an inmate while in prison for which mandatory consecutive sentences are provided.

2. The interrogation at the prison farm should have been prefaced with the *Miranda* warnings.

3. Defendant's failure to immediately object to the admission into evidence of testimony concerning his pretrial statements does not preclude appellate review, since the erroneous admission of such testimony would be offensive to the maintenance of a sound judicial system and would not be harmless beyond a reasonable doubt.

4. The later statement which was prefaced by the *Miranda* warnings is nevertheless inadmissible into evidence as it is the fruit of the prior improperly secured statement, the second statement being causally connected to the prior inadmissible statement.

Reversed.

D. F. WALSH, J., dissented from the majority's holding that the 180-day statute does not apply to offenses which are committed by an accused while in prison and which are subject to mandatory consecutive sentences. He would hold, however, that the trial court did not lose jurisdiction in this case because the prosecutor made a good-faith effort to begin the trial within the 180-day period. He concurred with the majority in all other respects.

OPINION OF THE COURT

1. CRIMINAL LAW — SPEEDY TRIAL — PRISON INMATES — 180-DAY RULE.

  The statute requiring that an accused inmate be brought to trial within 180 days after notification by the Department of Corrections of the accused's incarceration is not applicable to new offenses committed by the inmate while imprisoned and for which mandatory consecutive sentences are provided (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — PRISON INMATES — *MIRANDA* WARNINGS.

  Interrogation of a prison inmate must be prefaced by the *Miranda* warnings once the inmate has become the focus of a criminal investigation.

3. CRIMINAL LAW — EVIDENCE — APPEAL — PRESERVING QUESTION.

  A defendant's failure to object to the admission of a statement secured from him without having first informed him of his constitutional rights does not preclude appellate review where the erroneous admission of the statement is offensive to the

maintenance of a sound judicial system and is not harmless beyond a reasonable doubt.

4. CRIMINAL LAW — EVIDENCE — CONFESSION — FRUIT OF THE POISONOUS TREE.

A statement by a defendant which is secured after a giving of the *Miranda* warnings may nevertheless be inadmissible into evidence; if such statement is causally connected to a prior statement by the defendant which was not prefaced with the necessary warning, the subsequent statement could be the fruit of the poisonous tree.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY D. F. WALSH, J.

5. CRIMINAL LAW — SPEEDY TRIAL — PRISON INMATES — 180-DAY RULE.

*The statute requiring that an accused inmate be brought to trial within 180 days after notification by the Department of Corrections of the accused's incarceration is applicable to offenses committed by an inmate while imprisoned even though the crime is punishable by a consecutive sentence; however, a court is not divested of jurisdiction to try such inmate by the running of the statutory period where the prosecutor makes a good-faith effort to begin the trial during the statutory period (MCL 780.131; MSA 28.969[1]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Assistant Prosecuting Attorney, for the people.

*Lester O. Pollak,* for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant Carl S. Grevious was convicted of bringing liquor onto prison property, MCL 800.281; MSA 28.1621, and of being an habitual (second) offender, MCL 769.10; MSA 28.1082. Defendant waived jury trial; he was convicted of the first offense following a bench trial and

* Circuit judge, sitting on the Court of Appeals by assignment.

pleaded guilty to the supplemental information. Because defendant was a prisoner at the time of the liquor offense, the 1 to 7-1/2 year prison term imposed was to be served consecutively to the term he was then serving.

Defendant first argues that the trial court erred in denying his pretrial motion to dismiss. It was, and still is, defendant's claim that the court lost jurisdiction because more than 180 days transpired between issuance of the arrest warrant and defendant's trial. MCL 780.131; MSA 28.969(1).

We agree with the prosecution that the 180-day rule does not apply to defendant, who was a prison inmate at the time of the offense. *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968).

Defendant next challenges the admission into evidence of statements made by him to the supervisor of the prison farm, where defendant was working, and two corrections officers. The record indicates that the statements were made without the benefit of *Miranda* warnings. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Defendant was an inmate worker at Dalton prison farm on December 1, 1979. After lunch on that day, the farm supervisor noticed that defendant was missing. He notified the control center of a possible escape. Two corrections officers were sent to the farm to aid in the search and investigation. Defendant showed up when the corrections officers arrived. He was asked to show the supervisor and the officers where he had been. As the four men walked along in the new-fallen snow, defendant was asked to indicate which tracks were his. Defendant identified some tracks as his own. The men followed the tracks, which led to a fence along which sat a box containing bottles of liquor.

Upon discovering the box, the officers handcuffed defendant.

There was no *Miranda*-based objection to the farm supervisor's testimony. When defense counsel later objected during the testimony of one of the corrections officers, however, the trial court ruled that *Miranda* did not apply because defendant had "not been placed in any other arrest situation". According to the trial court, *Miranda* warnings were not required since defendant's freedom had not been additionally restrained at the time he made the incriminating statements. We disagree with the trial court's determination of *Miranda's* applicability.

A defendant's inmate status at the time of interrogation and incriminating statements does not render inapplicable the requirement that such interrogation be prefaced by the *Miranda* warnings. See *People v Faulkner,* 90 Mich App 520; 282 NW2d 377 (1979), *lv den* 408 Mich 916 (1980), and cases cited therein. It is also clear that warnings may be required even though the interrogator is not technically a police officer but rather someone acting with or at the request of police authority. *Id.* The *Miranda* warnings must be given to a suspect on whom a criminal investigation has focused. *People v Brannan,* 406 Mich 104; 276 NW2d 14 (1979).

Defendant in this case was clearly the focus of an escape investigation when he was confronted by the authorities. It is also clear that the questioning by the farm supervisor and corrections officers should have been preceded by the *Miranda* warnings.

Defendant's failure to file an immediate objection to the admission of evidence of his December 1 statements does not preclude appellate review.

Under the circumstances of this case, appropriate appellate review consists of a determination of whether the erroneous admission of this evidence was offensive to the maintenance of a sound judicial system and, if not, whether the error was harmless beyond a reasonable doubt. *Cf. People v Swan,* 56 Mich App 22, 31; 223 NW2d 346 (1974), *lv den* 395 Mich 810 (1975). We proceed directly to the second part, the harmless error inquiry, and examine the remaining evidence supporting defendant's conviction. If there was overwhelming admissible evidence against defendant, erroneous admission of evidence of statements obtained in violation of *Miranda* can fairly be characterized as harmless beyond a reasonable doubt. *Swan, supra,* 33.

Evidence of other statements made by defendant was admitted at trial. These statements were made to a state police investigator who had been contacted by the prison authorities and who interviewed defendant two days after the incident. The interrogation began with full recitation of the *Miranda* rights and with defendant's waiver of his rights to remain silent and to the assistance of counsel. Defendant admitted to the police investigator that he had brought the liquor onto prison property as a favor for a friend.

The record does not support defendant's claim that his statements to the state police investigator were involuntary. *People v Scanlon,* 74 Mich App 186; 253 NW2d 704 (1977). Consideration of the admissibility of these December 3 statements, however, does not end with a determination of their voluntariness.

The United States Supreme Court has not determined the full scope of the exclusionary rule as it is to be applied in the context of *Miranda* viola-

tions. See *Michigan v Tucker,* 417 US 433; 94 S Ct 2357; 41 L Ed 2d 182 (1974). Sweeping application of the fruit of the poisonous tree doctrine will most certainly not be decreed with respect to all consequences of all violations of *Miranda.* See *State v Preston,* 411 A2d 402 (Me, 1980). The Supreme Court has recently emphasized the deterrent purpose of the exclusionary rule, and the restriction of the rule to areas where its application is likely to promote its intended effect:

"Thus, the exclusionary rule 'has been restricted to those areas where its remedial objectives are most efficaciously served.' *United States v Calandra,* 414 US 338, 348; 94 S Ct 613; 38 L Ed 2d 561 (1974). The Court has acknowledged that the suppression of probative but tainted evidence exacts a costly toll upon the ability of courts to ascertain the truth in a criminal case. *E.g., Rakas v Illinois,* 439 US 128, 137-138; 99 S Ct 421; 58 L Ed 2d 387 (1978); *United States v Ceccolini,* 435 US 268, 275-279; 98 S Ct 1054; 55 L Ed 2d 268 (1978); *Stone v Powell,* 428 US 465, 489-491; 96 S Ct 3037; 49 L Ed 2d 1067 (1976); see *Michigan v Tucker,* 417 US 433, 450-451; 94 S Ct 2357; 41 L Ed 2d 182 (1974). Our cases have consistently recognized that unbending application of the exclusionary sanction to enforce ideals of governmental rectitude would impede unacceptably the truth-finding functions of judge and jury. *E.g., Stone v Powell, supra,* 485-489; *United States v Calandra, supra,* 348. After all, it is the defendant, and not the constable, who stands trial." *United States v Payner,* 447 US 727, 734; 100 S Ct 2439; 65 L Ed 2d 468 (1980).

In discussing the admissibility of evidence of a statement untainted by a *Miranda* violation but which had been preceded by a statement obtained in violation of *Miranda,* this Court has focused on the causal connection between the two statements:

"While the record is not clear as to the trial court's

consideration of the first confession, the mere fact that the first confession may be inadmissible does not ipso facto render the second inadmissible. The question then becomes:

" 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' *Wong Sun v United States,* 371 US 471, 488; 83 S Ct 407, 417; 9 L Ed 2d 441, 455 (1963), quoting from Maguire, Evidence of Guilt (1959), 221.

"Applying the above standard as enunciated in *Wong Sun,* we find that the now challenged statement was not the result of any prior illegality, but was the product of the defendant's own purge of conscience." *People v Merlo,* 23 Mich App 694, 699; 179 NW2d 222 (1970).

See also *People v Radowick,* 63 Mich App 734; 235 NW2d 28 (1975); *People v Emanuel,* 98 Mich App 163; 295 NW2d 875 (1980); *People v Levendoski,* 100 Ill App 3d 755; 55 Ill Dec 867; 426 NE2d 1241 (1981).

The record in this case indicates a significant causal connection between defendant's December 1 statements and his December 3 confession. It is clear that the state police investigator had been fully apprised of the details of defendant's encounter with the prison authorities and of defendant's December 1 statements. He had been informed that defendant was suspected of bringing liquor onto prison property. Clearly, the sole purpose for his interrogation of defendant was further elaboration of the information gathered on December 1 and the sole motivating factor was that information, which we have determined to have been tainted by noncompliance with the dictates of *Miranda.* The interrogation was not spurred by the independent discovery of other incriminating

evidence. Compare *Commonwealth v Marabel,* 445 Pa 435; 283 A2d 285 (1971). Nor did defendant simply volunteer the new information. Compare *People v Levendoski, supra.*

We are further persuaded that application of the exclusionary rule in the instant factual context furthers the deterrent purpose of the rule. The conduct of the prison authorities in this case was "at the very least negligent". *Michigan v Tucker, supra,* 447. Application of the exclusionary rule in this case will, in our judgment, "instill in those particular investigating officers [the farm authorities], or in their future counterparts, a greater degree of care toward the rights of an accused". *Id.*

Absent defendant's statements, the evidence was not sufficient to support a finding of guilt beyond a reasonable doubt. Defendant's convictions are, therefore, reversed.

D. F. WALSH, J. *(concurring in part; dissenting in part).* I respectfully disagree with my colleagues' conclusion that the 180-day statute does not apply to the instant defendant. *People v Hegwood,* 109 Mich App 438; 311 NW2d 383 (1981); *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980). I am nonetheless persuaded that the statute was not violated in this case. The delay was 182 days; the arrest warrant was dated December 19, 1979, and defendant was brought to trial on June 18, 1980. Defendant was promptly arraigned in district court and waived preliminary examination. The docket entries indicate the filing of a "notice of taking police report" on January 8, 1980. The prosecutor filed the information on January 10 and the supplemental information on January 15. Circuit court arraignment was held January 16. Notice of the June trial date was sent out on May 14. On June 6, pursuant to the prosecutor's peti-

tion, the court ordered that the attendance of an out-of-state prosecution witness be secured. Defendant filed a motion to dismiss on June 12, before the 180-day period expired. Writs of habeas corpus *ad testificandum* were issued by the court on June 12 for three defense witnesses. Trial began on June 18.

In my opinion, the conduct of the prosecutor, who initiated this case promptly, did not evidence an intent not to bring the case to trial promptly; jurisdiction, therefore, was not lost. *People v Hendershot,* 357 Mich 300, 303; 98 NW2d 568 (1959).

In all other respects, I concur in the majority opinion.