PEOPLE v FINLEY

Docket No. 102311. Submitted October 4, 1988, at Grand Rapids. Decided January 26, 1989.

Marcus Finley was convicted of assault with a deadly weapon and possession of a weapon by an inmate, Ionia Circuit Court, Charles W. Simon, Jr., J. Defendant appealed, alleging error requiring reversal in the court's allowing the prosecutor to elicit testimony and argue to the jury that defendant remained silent when placed under arrest. He also alleged violation of the 180-day rule.

The Court of Appeals *held:*

1. The fact that a defendant remained silent may not be used or commented upon except to contradict testimony by the defendant that he made a statement. In this case, the error was not harmless and required reversal.

2. Reversal of a conviction for a crime committed by a prison inmate is not required where the defendant's preliminary examination began within 180 days of arrest and there is no showing of lack of good faith on the part of the prosecution in proceeding promptly towards trial. In this case, the delays were caused by defendant. Thus, the 180-day rule was not violated.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — SILENCE OF DEFENDANT.

The fact that a defendant remained silent may not be used or commented upon except to contradict testimony by the defendant that he made a statement.

2. APPEAL — RIGHT TO REMAIN SILENT — PRESERVING QUESTION.

Failure to object to questions concerning a defendant's silence in the face of accusations does not preclude review of the alleged infringement of his constitutional right.

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*; Criminal Law §§ 849 *et seq.*; Trial §§ 164, 221.

Failure to object to improper questions or comments as to defendant's pretial silence or failure to testify as constituting waiver of right to complain of error—modern cases. 32 ALR4th 774.

3. Criminal Law — Speedy Trial — 180-Day Rule.

    Reversal of a conviction for a crime committed by a prison inmate is not required where the defendant's preliminary examination began within 180 days of arrest and there is no showing of lack of good faith on the part of the prosecution in proceeding promptly towards trial (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary M. Gabry,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*David A. Hoort,* for defendant.

Before: DANHOF, C.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Defendant, Marcus Finley, appeals as of right from his jury conviction for assault with a deadly weapon, MCL 750.82; MSA 28.277, and for possession of a weapon by an inmate, MCL 800.283; MSA 28.1623. Defendant was sentenced to two to four years on the assault conviction and three to five years for the convict in possession of a weapon conviction. Defendant claims that error requiring reversal occurred when the prosecutor was allowed to elicit testimony and argue to the jury that defendant remained silent when placed under arrest. We agree and reverse.

    The instant case arose from the stabbing of Jerry Blackwell, a prison inmate. Blackwell was stabbed on December 7, 1986. Philip Miller, a corrections officer at the Michigan Reformatory in Ionia, was in his office when he heard trash cans being overturned. Miller then ran to the door of the shower area, looked inside the window on the door of the shower area and saw defendant hold-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

ing a knife and moving it up and down. Miller opened the door. Defendant stood up and moved towards a nearby window. Blackwell ran down the hall. According to Miller, there were thirteen other inmates in the shower area at that time.

Moments later Roger Taylor, a corrections shift supervisor, arrived at the scene after answering a radio call. Officer Miller was holding open the door to the shower room. Upon entering the shower area, Taylor saw defendant make a throwing motion towards the open window in the shower area with his left hand. Miller and Taylor walked over to defendant. Defendant outstretched his arms to be handcuffed and said nothing. Officer Taylor could not remember if there was blood on defendant's hands, feet or clothing. A state police officer stated that defendant's pajamas had blood on them. A knife with blood on it was found near the shower window in the prison yard by Officer Taylor.

The victim, Blackwell, testified that defendant could not have stabbed him because defendant was standing over by the showers and not by Blackwell. Blackwell also remembered that the assailant had a black hand, unlike defendant.

The prosecutor, during the direct examination of Officer Taylor, asked Taylor if defendant said anything when he was first handcuffed. Taylor testified that defendant said nothing. During closing argument, the prosecutor made two comments to the jury about defendant's silence when being handcuffed by the prison guards.

The fact that a defendant did not make a statement or remained silent cannot be used against a defendant to prove he was guilty or to impeach him. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). A defendant's silence can only be used to contradict testimony by a defendant asserting that

he made a statement to the police. *Bobo, supra,* p 359. The prosecutor cannot ask about a defendant's silence or comment on it during opening or closing argument. *Bobo, supra,* pp 359-360. This right becomes effective as soon as defendant has contact with police officers. *People v Collier,* 426 Mich 23, 31; 393 NW2d 346 (1986). Where, as here, the defendant fails to object at trial to questions concerning his silence in the face of an accusation, this Court is not precluded from reviewing an alleged infringement of his constitutional right to remain silent. *People v Pelkey,* 129 Mich App 325, 330; 342 NW2d 312 (1983). Although defendant did not object to the questions asked by the prosecutor on direct examination of Officer Taylor, defendant did move for a mistrial shortly after Taylor's testimony. The trial court denied the motion.

Before reversal is required the harmless error test must be applied. *People v Jones,* 168 Mich App 191, 194; 423 NW2d 614 (1988); *People v Norris,* 74 Mich App 361, 366; 253 NW2d 767 (1977); *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), lv den 395 Mich 810 (1975). In *Swan* it was also stated:

> We will find it difficult in the future to believe that prosecutors and police are ignorant of the well-established principle of law which forbids comment upon an accused's silence or that clear violations of the principle arise from inadvertence. Deliberate violations of this rule may lead us to reverse convictions even where evidence might be overwhelming. [*Swan, supra,* p 35.]

In the instant case the prosecution's evidence was entirely the testimony of the two prison guards[1] who claimed to have seen the incident.

---

[1] We reject appellee's claim that the prohibition of commenting on

Only one of the prison guards actually claimed he saw defendant making stabbing motions, although he did not actually observe defendant stabbing Blackwell. Testimonial evidence from prison inmates was contradictory to that of the prison guards and, if believed, would lead to the conclusion that defendant was not guilty of the instant crime. Included among these inmates was the victim himself, who testified that defendant could not have committed the stabbing. Because the credibility of the various witnesses may very well have been the deciding factor in this case, the prosecution's use of defendant's silence when arrested for the instant crime cannot be found to be harmless error. Had this evidence not been presented to the jury, there is a reasonable doubt that at least one juror would have voted to acquit. The right to remain silent at the time of arrest and thereafter is a constitutional right and should not be used against a defendant. This is especially true where the other evidence against defendant is not overwhelming. Accordingly, this case is reversed and remanded for a new trial.

Defendant argues that the instant case should be dismissed because his trial was not held within the 180-day time period required by MCL 780.131; MSA 28.969(1). It is well established that the actual trial need not commence within the 180-day period. Rather, the prosecution must establish that it took good faith action within that time to ready the case for trial. *People v Johnson,* 115 Mich App 630, 634; 321 NW2d 752 (1982). Where a defendant's preliminary examination begins within the 180-day limitation period and there is no showing of lack of good faith on the part of the prosecution

---

an accused's silence does not apply to prison guards. See *People v Grevious,* 119 Mich App 403; 327 NW2d 72 (1982), requiring that a prison inmate be given the *Miranda* warning.

in proceeding promptly towards trial, reversal is not required. *People v Stephens,* 103 Mich App 640, 643; 303 NW2d 51 (1981).

In the instant case, defendant's preliminary examination was held within the 180-day limitation period. The prosecutor did not fail to exercise good faith in proceeding to trial after that time. Trial was delayed by defendant's motion to adjourn. Delays in bringing a defendant to trial that defendant causes, justified or not, will not cause a dismissal under the 180-day rule. *Johnson, supra,* p 635. Accordingly, there was not a violation of the 180-day rule in this case, and so dismissal is not required.

Defendant raises other issues on appeal, but we need not consider them in light of our resolution of the first issue addressed.

Reversed and remanded.