PEOPLE v SMITH

Docket No. 118518. Submitted April 2, 1991, at Detroit. Decided July
        22, 1991, at 9:25 A.M. Leave to appeal sought.

    Albert L. Smith was convicted following a bench trial in the
        Detroit Recorder's Court, Leonard Townsend, J., of armed
        robbery and possession of a firearm during the commission of a
        felony. The defendant appealed, claiming that his right against
        self-incrimination was violated when the court found him
        guilty on the basis of his failure, after being arrested and
        advised of his *Miranda* rights, to tell the police that the
        offenses were really committed by a codefendant, as he testified
        at trial.

        The Court of Appeals *held:*

        1. A defendant's right against self-incrimination is violated
        where the prosecutor impeaches the defendant's exculpatory
        story, told for the first time at trial, by cross-examining the
        defendant about the failure to tell the story after receiving
        *Miranda* warnings at the time of arrest. It is no less a violation
        of that right, and maybe even a greater one, for a trial court to
        find the defendant guilty because of an exercise of that right.

        2. The prosecutor's failure to file a brief or otherwise defend
        in this appeal was a confession of error.

        Reversed and remanded for a new trial before a different
        judge.

        DANHOF, C.J., dissenting, stated that this case is distinguish-
        able from cases in which the prosecution improperly uses
        evidence of the defendant's silence. Any error resulting from
        the trial court's reference to the defendant's silence was harm-
        less in light of the victim's unwavering testimony against the
        defendant. The prosecutor's failure to file a brief or defend
        should not be construed as an admission of error.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — SELF-INCRIMINATION —
    RIGHT TO REMAIN SILENT.

    A defendant's right against self-incrimination is violated where

REFERENCES

Am Jur 2d, Appeal and Error § 686; Evidence §§ 638-640; Witnesses
    §§ 523, 524.
Impeachment of defendant in criminal case by showing defendant's
    prearrest silence—state cases. 35 ALR4th 731.

the trial court, sitting as trier of fact, finds the defendant guilty on the basis of the defendant's failure, after being arrested and advised of *Miranda* rights, to make an exculpatory statement that is consistent with the defendant's testimony of innocence at trial (US Const, Am V; Const 1963, art 1, § 17).

2. CRIMINAL LAW — APPEAL — PROSECUTOR'S FAILURE TO FILE BRIEF OR DEFEND — ADMISSION OF ERROR.

The Court of Appeals, in the exercise of its discretion, may construe as an admission of error a prosecutor's failure to file a brief in or defend against a defendant's appeal.

*James Sterling Lawrence,* for the defendant on appeal.

Before: DANHOF, C.J., and GRIFFIN and FITZGERALD, JJ.

GRIFFIN, J. Defendant appeals as of right convictions of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). After reviewing the record, we are convinced that in this bench trial, defendant's silence after arrest and receipt of the advice of rights mandated by *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), was used against him by the trial judge in violation of his Fifth Amendment rights.[1] Further, we deem the failure of the Wayne County Prosecutor to file a brief or otherwise defend the appeal to be a confession of error. For these reasons, we reverse and remand for a new trial before a different judge.

[1] The Fifth Amendment, of course, is applicable to state action by operation of the Due Process Clause of the Fourteenth Amendment. See *Doyle v Ohio,* 426 US 610; 96 S Ct 2240; 49 L Ed 2d 91 (1976). The right against self-incrimination is also guaranteed by the Michigan Constitution. Const 1963, art 1, § 17. The Michigan and United States constitutional guarantees are coextensive. *People v Sutton (After Remand),* 436 Mich 575, 579; 464 NW2d 276 (1990) (opinion by BOYLE, J.).

I

The instant case is controlled by *Doyle v Ohio,* 426 US 610; 96 S Ct 2240; 49 L Ed 2d 91 (1976), wherein the United States Supreme Court addressed the following issue:

> The question in these consolidated cases is whether a state prosecutor may seek to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving Miranda warnings at the time of his arrest. We conclude that use of the defendant's post-arrest silence in this manner violates due process, and therefore reverse the convictions of both petitioners. [*Id.* at 611.]

Also see *People v Alexander,* 188 Mich App 96; 469 NW2d 10 (1991).

The dissenting opinion is premised on three grounds. First and foremost, the dissent reasons that this is not a "typical" case of a defendant's silence being used against him because it does not involve an attempt by a *prosecutor* to elicit testimony concerning the defendant's post-*Miranda* silence. We are willing to assume for the sake of argument that this case is "atypical" for the reason that here the trial judge, not the prosecutor, initiated the Fifth Amendment violation. We disagree with our colleague that this distinction makes the constitutional violation less offensive. On the contrary, the Fifth Amendment violation at issue appears to be more egregious than that in the "typical" case. In this case, the trial judge, sitting as the trier of fact, found the defendant to be guilty in part because the defendant chose to exercise his Fifth Amendment rights. It is hard to imagine a more clear and direct Fifth Amendment

violation. Cf. *Greer v Miller,* 483 US 756; 107 S Ct 3102; 97 L Ed 2d 618 (1987).

As a second reason to affirm, the dissent concludes that the record is ambiguous with regard to whether the defendant's silence was actually used against him. The relevant portion of the trial court's statement bears repeating:

> The testimony of the complainant was that there were two guns, that both people had guns, they both participated in the robbery, they both got into the car and drove the car off. Mr. Flowers and Mr. Smith were seen in the complainant's car, and they both took off and ran. *At no time did Mr. Smith state to the police, there's been no testimony that, "Mr. Flowers did it, I was just there, and he forced me to go along." That just came out today, in court. So the Court doesn't believe his testimony.* [Emphasis added.]

The dissent reasons that "the trial court's statement could be interpreted as merely pointing out that there had been no trial testimony by the police or anyone else corroborating defendant's story." In our view, our dissenting colleague is being less than candid in his assessment of the court's statement. The record does not reflect that there were any independent witnesses to this crime, which took place at 2:50 A.M. in front of the complainant's home. The determination of whether defendant participated in the crime or merely was an innocent bystander involved a one-on-one credibility contest between the defendant and the complainant. On these facts, the above statement can only be read to mean what it says: the trial court was believing the complainant rather than the defendant because defendant never professed his innocence to the police. There is no dispute that defendant's exercise of his right

to remain silent occurred after his arrest and after the *Miranda* warnings were given.[2]

Finally, the dissent concludes that any error must be deemed harmless in light of the victim's "unwavering" testimony that defendant participated in the robbery. We cannot agree. As noted above, a one-on-one credibility contest between the complainant and defendant was involved. Although the complainant unequivocally testified that defendant had a gun and encouraged codefendant Flowers to shoot her, defendant's testimony that he was unarmed and did not participate in the robbery was equally unwavering. The trial court then undertook to resolve this factual dispute by making reference to defendant's postarrest and post-*Miranda* silence. On this record, the constitutional violation was not harmless error. Defendant's credibility was crucial to his defense and pivotal to the lower court's finding of guilt. See generally *People v Hall*, 435 Mich 599, 609, n 8; 460 NW2d 520 (1990).

II

As a second and alternative basis for reversal, we hold that the failure of the prosecutor to file a brief or otherwise defend constitutes a confession of error. We, however, do not establish a per se rule that such failure constitutes a confession of error in all cases. Rather, we hold that this Court, in the exercise of its discretion, may deem the failure of an appellee to file a brief or otherwise

---

[2] By not filing a brief or otherwise responding, the prosecutor has conceded the following statement contained in defendant's brief:

It should be noted that defendant had contact with the police only upon being arrested. Therefore, the failure to make a statement to [the] police referred to by the judge was indeed post-arrest silence, rather than pre-arrest silence.

The record supports this factual assertion.

defend an appeal to be a confession of error. *People v Hammond,* 187 Mich App 105, 107; 466 NW2d 335 (1991).

As we stated in *People v Walma,* 26 Mich App 326, 327-328; 182 NW2d 110 (1970):

> Though provided ample opportunity, the prosecutor failed to file any written or other objection to the appeal, any motion to affirm, or any brief in this case. Further, though noticed of the time and place for oral argument before this Court, no one from the Allegan prosecutor's office appeared to orally argue or even notified the Court that it would or would not argue the same.
>
> In view of the lack of any opposition whatever by the Allegan County prosecutor we are led to the inevitable conclusion that the prosecutor, if he does not by such total inaction or indifference agree with the defendant that reversible error was committed, at least does not object to reversal and remand for a new trial which we accordingly do, particularly in view of the questions raised.

Later in *People v Hatfield,* 46 Mich App 149, 150-151; 207 NW2d 485 (1973), we noted that this Court is ill suited to serve as an advocate for a prosecutor who chooses not to defend an appeal:

> Despite the fact that this Court in *Walma* placed the prosecutors on notice that their failure to respond to defendant's allegations would be treated as admissions that such allegations were true, this Court has continued to be plagued with criminal appeals in which the prosecutor has failed to respond. This, in turn, has placed this Court in the uncomfortable position of having to first act as the prosecutor's advocate, and then render a decision on the merits.

Also see *People v Jackson,* 178 Mich App 62; 443 NW2d 423 (1989).

While we sympathize with the prosecutor's predicament of case overload and inadequate staffing, our Court suffers from a similar plight, which makes it impossible for us to perform the advocacy duties of the prosecutor's office.

Reversed and remanded for a new trial before a different judge.

FITZGERALD, J., concurred.

DANHOF, C.J. *(dissenting).* I disagree with both of the majority's bases for reversal and would affirm defendant's convictions.

In finding defendant guilty of armed robbery, the trial court stated in part:

> The testimony of the complainant was that there were two guns, that both people had guns, they both participated in the robbery, they both got into the car and drove the car off. Mr. Flowers and Mr. Smith were seen in the complainant's car, and they both took off and ran. *At no time did Mr. Smith state to the police, there's been no testimony that, "Mr. Flowers did it, I was just there, and he forced me to go along." That just came out today, in court.* So the Court doesn't believe his testimony.

Defendant characterizes the trial court's statements as a "typical" case of a defendant's silence being used against him at trial and argues that his convictions must be reversed under the rule announced in *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). To the contrary, my review of the cases construing *Bobo* reveals that the "typical" case involves a prosecutor improperly cross-examining a defendant regarding his silence or improperly questioning a third person, often a police officer, about the defendant's silence. See, for example, *People v Alexander,* 188 Mich App

96; 469 NW2d 10 (1991), *People v Gilbert,* 183
Mich App 741, 747; 455 NW2d 731 (1990) (the rule
from *Bobo* prohibits a *prosecutor* from using
against a defendant at trial the defendant's exer-
cise of the Fifth Amendment right to remain
silent), and *People v Finley,* 177 Mich App 215;
441 NW2d 774 (1989).

Here, however, there is no allegation that the
prosecutor improperly questioned or commented
concerning defendant's right to remain silent.
Rather, this case involves a comment made by the
trial court while stating its findings of fact in a
bench trial and may be distinguished from the
*Bobo* line of cases on that ground. Further, I do
not discern any constitutional implications in the
trial court's statements. The trial court's state-
ment could be interpreted as merely pointing out
that there had been no trial testimony by the
police or anyone else corroborating defendant's
story. To the extent that the court was referring to
prearrest silence and postarrest, pre-*Miranda* si-
lence, defendant waived the privilege against self-
incrimination when he took the stand. *People v
Sutton,* 436 Mich 575, 592; 464 NW2d 276 (1990).
Finally, in light of the victim's unwavering testi-
mony that defendant had a gun and encouraged
codefendant Flowers to shoot her, any error that
may have occurred was harmless. See *Gilbert,
supra,* pp 747-748.

Nor would I reverse on the ground that the
prosecutor did not file a brief or otherwise defend.
Such a procedural rule, if applied uniformly,
would result in the unnecessary reversal of validly
obtained convictions. It therefore would constitute
an even greater waste of this state's already taxed
law enforcement, prosecutorial, and judicial re-
sources than that occasioned by this Court's re-
view of both sides of an issue on appeal.

I would affirm.